## THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

*v.*

## PATTERSON.

---

PLEADING; ALLEGATIONS AND PROOF; VIDELICET; REMARKS OF COUNSEL.

1. An allegation in the declaration in an action for damages for personal injuries that the injury complained of was received while plaintiff was a passenger on one of defendant's cars, is supported by proof that plaintiff, having obtained a ticket of transfer from another car which entitled her to ride on defendant's car, approached a car standing to receive passengers

and had placed her foot on the running board and had taken hold of a stanchion for the purpose of raising herself to a seat when the car suddenly started and she was thrown to the ground and injured.

2. Where the injury complained of in such a case is expressly alleged in the declaration to be permanent, though afterwards, under a *videlicet,* alleged to continue to the time of bringing suit the latter allegation is nugatory as being contrary to and inconsistent with what preceded it; and the plaintiff will not be restricted in recovery to damages to the time of bringing suit, but may recover as for a permanent injury if the jury finds that he has sustained such injury.

3. In actions for personal injuries the plaintiff is entitled to recover compensation, so far as it is susceptible of estimate in money, for the loss and damage caused by the defendant's negligence, including not only sums expended for medical attendance and a reasonable sum for pain and suffering, but also a fair recompense for the loss of what he would otherwise have earned in trade or business and has been deprived of the capacity of earning by the wrongful act of the defendant.

4. For plaintiff's counsel to declare in argument in such a case against a corporation that its counsel were "hired by this rich corporation (meaning defendant) to defeat every claim brought against it," is improper, and the court should interpose to prevent any possible influence the remarks may have on the minds of the jurors; but where the remarks objected to are withdrawn and the jury cautioned to pay no heed to them and not to allow them to affect their minds, there is no ground for exception; *following* Railroad Co. *v.* Dashiell, 7 App. D. C. 507.

No. 576.  Submitted October 9, 1896.  Decided November 20, 1896.

HEARING on an appeal by the defendant from a judgment on verdict in an action for damages for personal injuries.  *Affirmed.*

### STATEMENT OF THE CASE.

At the trial, the following instructions were granted at the request of the plaintiff, over the objection of the defendant, and exception duly noted:

"1. If the jury believe from all the evidence that Mrs. Patterson had taken passage and paid her fare on a Seventh street car and had taken a transfer at the junction for a

Pennsylvania avenue car, and at that point one of defendant's cars had stopped to take on passengers; that after the car had stopped, and while it was standing still, she, while exercising ordinary care, such as a prudent person would under all the circumstances, had stepped upon the running board of the car and was in the act of proceeding to take a seat before the signal to start had been given by the conductor, then the court instructs the jury that these are circumstances from which, along with the other circumstances in evidence, the jury may find that the defendant had received Mrs. Patterson as a passenger upon said car. And if the jury further find that while she was in the act of proceeding to take a seat the said car was suddenly started by a servant of defendant, either the conductor or driver or both, and she was, while using ordinary care and caution, in consequence of such sudden starting of the car, thrown from said car to the ground, and thereby injured, then the court further instructs the jury that they may find that she was injured by reason of the negligence of defendant, and their verdict should be for the plaintiff, unless the jury find that Mrs Patterson was not, at the time of the starting of the car, exercising such care as a reasonably prudent person would have done under similar circumstances.

" 2. If the jury find for the plaintiffs, they are to consider in estimating the damages the injuries to the plaintiff Lavinia Patterson and the damages resulting therefrom to her. They are to take into consideration the sufferings, including bodily pain, in consequence of such injuries, and also the mental suffering and pain attendant upon and the natural incident of such bodily suffering, the character and extent of her physical disabilities, and whether the injury is permanent or otherwise."

The following instructions, requested on behalf of the defendant, were refused, and exception duly noted:

" 1. The damages to be assessed by the jury in favor of the plaintiff, if any, must be confined to the time interven-

ing between the date of the injury to her and the date of the commencement of this suit. No damages can be allowed after the latter date—that is, the 17th of March, 1892.

" 2. In the assessment of damages within the interval mentioned in the preceding instruction the jury are confined to a fair and reasonable compensation for the physical pain and suffering and mental pain and suffering incident to such physical pain and suffering and the inconvenience which they may find from the evidence was sustained by the plaintiff within the said interval. No allowance can be made from mental apart from physical pain and suffering, nor can the jury, in addition to the above mentioned compensation, assess damages for any injury to the nervous system of the plaintiff or for the effects or consequences of such injury.

" 9. Before a verdict can be rendered in favor of the plaintiffs on the pleadings in this case it is necessary that the jury shall find from the evidence that the female plaintiff was actually upon the car at the time it started, and if the jury shall find that she was in the act of getting upon the car and had not yet got upon it, the verdict must be in favor of the defendant.

" 10. If the jury shall find from the evidence that at the time of the accident the female plaintiff was attempting to get on the car from which the accident occurred and had hold with her hand of the upright standard in front of her and had one foot on the running board and was in the act of moving the other foot towards the floor of the car when the accident happened, the verdict must be in favor of the defendant.

" 11. If the jury shall find from the evidence that at the time of the accident the female plaintiff was attempting to get on the car from which the accident occurred and had hold with her hand of the upright standard in front of her and had one foot on the running board and had placed the other foot on the floor of the car and was in the act of rais-

ing her body so as to get upon the car, she cannot recover and the verdict must be in favor of the defendant.

" 12. If the jury shall find in favor of the plaintiff, then in estimating damages nothing can be allowed or estimated for any injury, pain, or suffering, either mental or physical, or for anything else which occurred to the female plaintiff subsequently to the commencement of this suit, to wit, subsequently to the 17th day of March, 1892."

The further material facts are stated in the opinion of the court.

*Mr. Enoch Totten, Mr. W. D. Davidge* and *Mr. J. S. Flannery* for the appellant:

1. The declaration having alleged that the plaintiff was a passenger on the car, and she having shown by her own testimony that she was getting on, there was a substantial variance between the allegations and the proof.

2. Notwithstanding the positive limitation in the declaration of the period during which the injury continued, the court below permitted evidence to be given tending to show the plaintiff's condition subsequently to the bringing of the suit, and instructed the jury to consider whether or not that condition would continue, and assess damages accordingly. This was manifestly erroneous. The pleader having limited the plaintiff's right to recover to the period specified in the declaration, the evidence should have been confined to that particular time, and the jury, in estimating damages, kept within the bounds prescribed by the pleadings.

The declaration ought to show plainly and certainly all circumstances material for the maintenance of the action; for, if there are two intendments, it shall be taken most strongly against the plaintiff. Com. Dig. Pleader 27.

If the meaning of the words be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading. Chitty on Pleading (16 Am. Ed.) 337. If the plaintiff,

though needlessly, describe the tort, and the means adopted in effecting is, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance, which will occasion a nonsuit. Chitty on Pleading (16 Am. Ed.) 511.

Although the proof of more than is alleged may not prejudice by way of variance, a plaintiff can in no case, by any proof exceeding the quantity, magnitude or extent alleged, entitle himself to a larger verdict than if the proof had not exceeded the description, for although the precise quantity, or extent, or magnitude, need not be proved as laid, yet they are so far descriptive that they operate as limits which the party himself has prescribed, and which he ought not to be permitted to exceed. Thus a plaintiff is always limited by the damages averred; he cannot prove more than one trespass on any one count beyond the temporal limit averred. 3 Starkie on Ev. 1565. If the allegation limit and confine that which is material, the latter can never be available to any greater extent, for an averment which limits and restrains in point of magnitude or extent is always so far descriptive. 3 Starkie on Ev. 1550; *Prouty* v. *Bell*, 44 Vt. 72.

3. Where counsel for the plaintiff, in their arguments to the jury, make statements which are not supported by the evidence, and which tend to prejudice the jury to the injury of the defendant, the judgment will be reversed. *Mfg. Co.* v. *Sterritt*, 62 N. W. 675 ; *Railroad Co.* v. *Brogonier*, 13 Bradw. (Ill.) 467 ; *East Tennessee Co.* v. *Bayliss*, 75 Ala. 466, 22 A. & E. RR. Cas. 596 ; *Railroad Co.* v. *Hancock*, 27 A. & E. RR. Cas. 325 ; *Railroad Co.* v. *Kutack*, 72 Tex. 643, 37 A. & E. RR. Cas. 470 ; *Railroad* v. *Dwelle*, 44 Kans. 394, 44 A. & E. RR. Cas. 402 ; *Williams* v. *Railroad Co.*, N. Y. Ct. of App., 46 A. & E. RR. Cas. 149 ; *Railroad Co.* v. *Cooper*, 70 Tex. 67. It will be proper for the court not only to interrupt counsel, but to stop the whole line of objectionable argument. *U. S.* v. *Heath*, 20 D. C. 272.

Nor is it sufficient that the objectionable remarks be subsequently mollified or "withdrawn" by counsel making them. Spoken words cannot be recalled ; the impressions they leave upon the mind are indelible ; and counsel should not be permitted to make outrageous and unjustifiable appeals to the passions and prejudices of the jury, and then craftily "withdraw" the objectionable statements, after their words have had all the effect they desired to produce. *Iron Co.* v. *Field* (Ala.), 16 So. 538 ; *Railroad Co.* v. *McLendon,* 25 S. W. Rep. 307 ; 2 Enc. Pl. & Pr. 746.

Where counsel makes offensive and reprehensible remarks in argument, unsustained by evidence, the court should withdraw a juror and continue the cause, there being no other efficacious remedy. *Holden* v. *Railroad Co.*, 169 Pa. St. 1.

The assertion in argument by counsel of facts of which no evidence is properly before the jury in such a way as to seriously prejudice the opposing party is, when duly excepted to, ground for reversal. *Waldron* v. *Waldron*, 156 U. S. 361.

*Mr. Chapin Brown, Mr. Andrew A. Lipscomb* and *Mr. Arthur H. O'Connor* for the appellee :

1. If the proof did in fact show that plaintiff had not been received upon the car as a passenger, it would not be a material variance. This is an action *ex delicto.* The gist of the cause is the negligent starting of the car. The right to maintain the action does not depend upon contract. *T. Road* v. *Leonhardt*, 66 Md. 70.

No variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant. *Nash* v. *Towne*, 5 Wall. 689 ; *Railroad Co.* v. *Hickey*, 5 App. D. C. 469.

2. There was, however, not the slightest variance. The relation of passenger and carrier was established between

Mrs. Patterson and appellant before she alighted from the Seventh street car. Being thus established, it did not cease when she so alighted with the intention of changing cars. Ray. Neg. Imp. Duties—Pass. Carriers, pp. 9–11; Booth St. Rwys., Sec. 326 ; *Railway Co.* v. *Hauer,* 60 Md. 449. Am. & Eng. Encyc. L., Vol. 2, 742, 744; 23 *Id.* 1004. So that when she stepped on the car from which she was thrown, as well as before, she was a passenger and at the time of the accident she was on the car as a passenger.

The car was standing still at the usual place of receiving passengers transferred from the Seventh street line; there was room in the car for Mrs. Patterson ; the people in the seat before her had made vacant a seat for her. Under these circumstances the appellant was bound to *receive* her, and would be liable for refusal to do so. *Pearson* v. *Duane,* 4 Wall. 605 ; Ray. Passenger Carriers, 160, and cases. And the refusal would be wrongful, although the gong to start had sounded, if car was still standing there. *Railway* v. *Carr,* 71 Md. 135.

3. The allowance of remarks by counsel in argument to the jury calculated to prejudice the jury against one of the parties being a matter resting largely in the discretion of the trial court, becomes a subject of exception only in extraordinary instances and where prejudice is the manifest object of the speaker. Where upon objection the remarks are withdrawn, no ground for exception remains. *Railroad Co.* v. *Dashiell,* 7 App. D. C. 507.

4. Appellees were entitled to recover damages for the period intervening between the commencement of suit and the trial; also for prospective pain and suffering, as well as for pain and suffering during the period between the accident and commencement of suit. Sedgwick on Damages, Secs. 86, 481, 860; 2 Greenl. on Ev., Secs. 268, 268*b*; Booth, St. Ry. Law, Sec. 409.

No allegation that the injury was of a permanent character was necessary in the declaration. That was merely a

matter of evidence and one of the natural consequences of the injury. 1 Chitty Pl. 207 (9th Amer. Ed.), p. 225; *Birchard* v. *Booth*, 4 Wis. 85; *McLaughlin* v. *Corry*, 77 Pa. St. 109; *Car Co.* v. *Parker*, 100 Ind. 181 at 195.

If the phrase could be tortured into the meaning that the injury was limited to the time of the commencement of the suit, yet it being stated under a *videlicit* (to wit) the plaintiff would not be bound by it. 1 Chitty Pl. (9th Amer. Ed.) 318.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action is one founded upon the alleged negligence of the defendant, The Washington and Georgetown Railroad Company, producing an injury to the female plaintiff, Lavinia Patterson. It is alleged, and shown in proof, that the female plaintiff was a passenger upon the street railroad car of the defendant, and that the injury complained of was received while she was such passenger. And the only real question of fact for the jury was, whether the injury complained of was occasioned by the negligence of the defendant, or by that of the plaintiff herself. The inquiry was very fully submitted to the jury upon instructions that covered the whole case, and every aspect of it, and the instructions granted at the instance of the defendant were very liberal to the defence. Indeed, upon a close analysis of some of the instructions given, it might be reasonably questioned whether they were not more liberal than the defendant had a right to receive, in view of the whole evidence of the case.

At the close of the evidence, the plaintiff asked for two instructions to the jury, which were given by the court. The first of these stated the hypothesis of fact upon which the plaintiffs were entitled to recover; and the second related to the elements to be considered, and the measure of damages that the jury might allow, if they found for the plaintiffs. And, on the part of the defendant, there were eighteen prayers propounded, of which number twelve were granted, and six

refused.    To the refusal of these latter six prayers, and to the granting of the two instructions on the part of the plaintiffs, the defendant excepted; and it also excepted to the refusal to grant certain motions made for direction to the jury to find for the defendant, at the close of the plaintiff's evidence, because of supposed variance.

On the exceptions taken, the defendant assigned the following as errors in this court:

1. In overruling motions of the defendant at the close of the plaintiff's case, and refusing defendant's prayers numbered 9, 10, and 11, and granting the first prayer of the plaintiffs—all of which having reference to the subject of variance between the allegations and proofs.

2. In refusing the first, second, and twelfth prayers of the defendant, and in granting the plaintiffs' second prayer, thereby permitting the jury to assess damages for a period not covered by the declaration; and,

3. In refusing to withdraw a juror and continue the case, because of the improper remarks made by one of the counsel for the plaintiffs in his closing argument to the jury.

1. The first assignment of errors has reference to a question made by the prayers therein referred to, as to whether the female plaintiff was a passenger on the car of the defendant, as alleged in the declaration, at the time of the injury received.    The declaration alleges that the defendant had received the plaintiff on its car as a passenger, and this allegation is fully supported by the evidence in the case, if believed by the jury, as it must have been to have enabled them to find the verdict for the plaintiffs.    The defendant is a common carrier of passengers, and the female plaintiff was entitled to be carried as a passenger, if there was room in the car for the purpose.    The car had stopped to receive passengers, and the plaintiff was one of those who had obtained a ticket of transfer from another car, and which entitled her to ride on the defendant's car, and she was entitled to a reasonable time and a fair opportunity to enter the car with

safety. The proof by the plaintiff, and several others, is to the effect that she had, with others, approached the car, then standing to receive passengers, and she had one foot on the running board of the car, which was an open summer car, and had taken hold of an upright or stanchion and was in the act of raising herself to a seat, when by a sudden start or jerk of the car she was thrown backwards from the car to the pavement, and was injured. This is according to the proof by the plaintiff herself, and of other witnesses who were present and saw the occurrence; and such facts, if found by the jury as required by the plaintiff's first prayer, placed the female plaintiff in the position of a passenger and entitled her to the protection of a passenger on the car. Such facts brought the case within the terms of the declaration, and the facts were fully and clearly submitted to the jury by the first instruction given at the instance of the plaintiffs, as also the question of the exercise of due care by the plaintiff in boarding the car. There was, therefore, no error in granting the first prayer of the plaintiffs. Nor was there any error in refusing to direct a verdict for the defendant on the motions and prayers addressed to the court for that purpose upon the supposed ground of variance, and which motions and prayers are referred to in the first assignment of error. There was no variance between the allegations and proof.

2. The second assignment of error presents the question whether, on the allegations made in the declaration, the right to recover damages for the injury sustained was restricted to the time of bringing the suit?

3. The declaration, after alleging the manner in which the injury was sustained by the female plaintiff, proceeds to declare that "she was greatly bruised, wounded, and *permanently injured,* and also by means of the premises the said plaintiff became and was sick, sore, lame and disordered, and her spine was *permanently injured,* and her nervous system greatly and *permanently impaired,* and she, the said female plaintiff, so remained and continued for a long space

9 Ct. App.—29

of time, to wit, from the 15th day of July, A. D. 1891, to the time of bringing this suit," etc.

It is contended by the defendant that the laying of the time of the pain and suffering of the plaintiff from the injury received under a *videlicet*, or a to wit, to the time of suit brought, restricts the right to recover damages to the time of bringing the suit, notwithstanding the proof and the character of the injury itself may have shown that the effect and natural consequences of the injury extended to a much longer period than to the time of bringing the and may be of permanent duration.   Here, as will be observed, the injury complained of is expressly alleged to be *permanent*, though afterwards alleged, under a to wit, to continue to the time of bringing the suit.   It is plain, however, upon well established authority, that this latter allegation is simply nugatory as being contrary to and inconsistent with what precedes it.   This is the principle laid down in the the leading cases upon the subject.   In *Dakin's Case*, 2 Wms. Saund. 290*b*, it was held, that if what comes under a *scilicet* be contrary to the preceding matter it is void. . And Mr. Sergt. Williams, in note (1) to that case, in stating the ruling in *Stukeld* v. *Butler*, Hob. 175, says, that the natural and proper use of a *videlicet*, according to Lord Hobart, " is to particularize that which is general before, and to explain that which is indifferent, doubtful or obscure; *but it must neither be contrary to the premises, nor increase nor diminish the precedent matter*; and therefore if a man seized in fee of black acre, white acre, and green acre, in D, should grant all his lands in D, that is to say, black acre and white acre, yet green acre shall also pass by the grant; but if lands lying out of D are added under the *scilicet*, they will not pass.   So a *videlicet* may sometimes restrain the generality of the former words, where they are not express and special, but stand indifferent so as to be capable of being restrained without apparent injury to them; as if lands be granted to

a man and his heirs, that is to say, the heirs of his body, it is an estate tail."

This principle is well illustrated in the case of *Wyatt* v. *Aland*, 1 Salk. 325; S. C. 2 Ld. Raym. 977, where it was said by Lord Chief Justice Holt, that "where a matter is nonsense by being contradictory and repugnant to something precedent, then the precedent matter which is sense shall not be defeated by the repugnancy which follows, but that which is contradictory shall be rejected; as in ejectment where the declaration is of a demise the second of January, and that the defendant *postea, scil.* the first of January, ejected him. Here the *scilicet* may be rejected as being expressly contrary to the *postea* and the precedent matter."

The allegation that the injury was *permanent* has nothing doubtful or obscure about it. The meaning of the word "permanent," according to lexicographers, is, "continuing in the same state, or without any change that destroys form or character; remaining unaltered or unremoved; abiding; durable; fixed; stable; lasting; as a permanent impression. *Syn.*—Lasting; durable; constant." Webster's Dictionary.

In the case of *Hodsoll* v. *Stallebrass*, 11 Adol. & El. 301, the action was for tort for wounding the plaintiff's servant, whereby the latter was disabled from serving the master, and it was held that the jury might properly give damages for the loss of service not only before action brought, but afterwards, down to the time when, as it appeared in evidence, the disability might be expected to cease. And it was further held, that the declaration for such injury stating the servant to have been *permanently* crippled, was supported by evidence that the injured part was still disabled and likely to remain so, but, with care, might be restored in time. In that case, it was insisted for the defendant, that, under the declaration, the damage after action brought should not have been left to the jury. But that contention

was not sustained by the court.   Mr. Justice Littledale, in delivering his judgment, said: "There is no ground for this application.   The allegation of permanent damage in the declaration was not negatived.   It was satisfied if the plaintiff gave proof of an injury likely to last six months; as a party may allege a total loss, and recover for a partial one. Then, as to the estimate of damages; they might be given prospectively, because the damage arose from the injury done at the time specified in the declaration.   The damage so arising was not the sole cause of action; the injury and the damage together were the cause."

Mr. Justice Coleridge, in his opinion, said: "Mr. Erle does not deny that, if the action had been for an injury to the master's own person, he might have recovered for future damages.   In that case the allegation of permanent injury would have been borne out by the evidence here given; and there is no material distinction between such a case and the present.   The argument here, that the complainant is grounded, not on the act, but on the resulting damage, is a fallacy.   The action is for the two united."   Lord Chief Justice Denman was of the same opinion.

It is now a well settled principle of the law both in this country and in England, that in actions for personal injuries, the plaintiff is entitled to recover compensation, as far as it is susceptible of an estimate in money, for the loss and damage caused him or her by the defendant's negligence, including not only expenses incurred for medical attendance, and a reasonable sum for his or her pain and suffering, but also a fair recompense for the loss of what he or she would otherwise have earned in his or her trade or business, and has been deprived of the capacity of earning by the wrongful act of the defendant.   *Vicksburg, &c., R. Co.* v. *Putnam*, 118 U. S. 545, 554, and cases there cited.

The second instruction granted at the instance of the plaintiffs, as to the measure of damages, is fully within the

principle just stated, and as we have shown, the plaintiff was clearly entitled, under the terms of the declaration, to recover as for permanent injury, if the jury found that she had sustained such injury. And as to the first, second, and twelfth prayers of the defendant, which sought to restrict plaintiff's right to recover damages to the time of bringing the suit, they were clearly erroneous, and the court rightfully rejected them.

3. The third error assigned relates to remarks indulged in by counsel for the plaintiffs during the closing argument to the jury, supposed to be calculated to inflame or unduly influence the minds of the jurors to the prejudice of the defendant. It is true the remarks of counsel objected to, as stated in the bill of exception, were entirely without justification or warrant by any evidence submitted to the jury for their consideration, and were of a character that might have a tendency to excite prejudice in the minds of some jurors; and hence were improper; and the court was right in requiring them to be withdrawn, and in instructing the jury to disregard them. To declare in argument, of opposing counsel, that they were " hired by this rich corporation [meaning the defendant] to defeat every claim that is brought against them," is quite unallowable in what ought to be the orderly and dispassionate trial of a cause in a court of justice, and it becomes the duty of the court, whenever such remarks are made, to interpose to prevent any possible influence that they might have upon the minds of the jurors. But in this case the remarks objected to seem to have been by way of retort made in reply to some out of the way remarks of counsel for the defendant; and when the remarks of plaintiff's counsel were objected to and brought to the attention of the court, they were at once withdrawn, and the court in explicit terms admonished the jury that they were to pay no heed to the remarks objected to, and not allow them in any manner to affect their minds.

This having been done, we think there was no ground for exception. *Railroad Co.* v. *Dashiell,* 7 App. D. C. 507. The case does not fall within the reason or principle of the case of *Waldron* v. *Waldron,* 156 U. S. 361, relied on by the appellant.

The case appears to have been fairly tried, and we find no ground for reversal. The judgment must, therefore, be affirmed; and it is so ordered.

*Judgment affirmed.*