## POLLOCK v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
October 15, 1929.

No. 2849.

Watkins, District Judge, dissenting.

See, also, 34 F.(2d) 94.

John E. Magers, of Baltimore, Md. (John Philip Hill, of Baltimore, Md., on the brief), for appellant.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

NORTHCOTT, Circuit Judge. This is an appeal by David Pollock, the defendant below, from a judgment of the District Court of the United States for the District of Maryland, at Baltimore, entered on the 22d day of December, 1928, imposing sentence of two years' imprisonment in the United States Penitentiary at Atlanta. The defendant was found guilty on the third count of an indictment, charging him with conspiring with one James Morsell and other persons unknown, to obstruct and impede the due administration of justice in the District Court of the United States for the District of Maryland in the matter of the apprehension and trial of said Morsell, then and there a defendant in said court, charged with a conspiracy to violate the National Prohibition Act.

The first count charged conspiracy to procure the said Morsell to leave the jurisdiction of the District Court of the United States for the District of Maryland, and remain away. The second count charged the procurement of said Morsell to leave said district, and the third count charged the conspiracy to procure the said Morsell to remain away from said district. The verdict of the jury was not guilty as to the first and second counts.

A distillery, at Tannery, Carroll county, Md., was robbed on January 2, 1926, and growing out of that robbery an indictment was returned on April 29, 1926, against James M. Geisey, Harvey Jones, Milton Hawkins, Harry Bessick, George Bowden, and the defendant James Morsell. This case was numbered 9060 on the docket of the court. On May 9, 1926, a bench warrant was issued for the arrest of Morsell, but this warrant was not executed until September 23, 1928. It appears that at the time of the returning of this indictment against Morsell he was already on bail in connection with a violation of the National Prohibition Act, case No. 8088, the bail bond being forfeited on May 7, 1926.

The case under the indictment of April 29, 1926, No. 9060, was tried on June 5, 1928. At that time only James M. Geisey, Harvey Jones, and Milton Hawkins were tried; the other defendants, including James Morsell, being at large. The trial was concluded on June 8, 1928, the jury disagreeing.

Morsell was apprehended in Philadelphia, on September 22, 1928. The record shows that he had been living there, certainly since June 9, 1928, under the name of James Williams or James Brown.

Defendant Pollock, together with his brother, Harry Pollock, conducted a garage in the city of Baltimore, and the defendant was convicted in November, 1928, of conspiracy to transport intoxicating liquors in violation of the National Prohibition Act (27 USCA). This charge grew out of robbery of the distillery at Tannery. A truck used in the robbery was afterward located at the Pollock Garage, and the title to that truck and another truck had been taken out by the defendant David Pollock under assumed names. The defendant Pollock under the name of Jake Cohen, repeatedly sent money to the defendant Morsell, while Morsell was living under an assumed name in Philadelphia, and on June 9, 1928, defendant Pollock wired Morsell to "stay until I send for you." One Brown, a colored man, who was a friend of Morsell, who was also a colored man, testified that he acted as a go-between between Morsell and defendant Pollock through another man in securing money for Morsell, while the latter was in Philadelphia. Neither defendant took the stand at the trial.

There are seventeen assignments of error, the first of which relates to the action of the court in overruling defendant's demurrer to the indictment. We are of the opinion that the indictment was sufficient in form.

"The rules of criminal pleading do not require the same degree of detail in an indictment for conspiracy in stating the object of the conspiracy as if it were one charging the substantive offense." Thornton v. United States, 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013.

To the same general effect see Fletcher v. United States, 42 App. D. C. 53; United States v. Cella, 37 App. D. C. 423; Williamson v. United States, 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278.

The case of Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419, relied upon by the appellant, is clearly distinguishable from the instant case.

Had this indictment charged appellant with conspiracy with a defendant in a criminal case, and not included others, a different case would be presented, but in this case the grand jurors charged the defendants with conspiracy together with other parties unknown, and the evidence clearly shows that other parties were involved in the conspiracy. We are of the opinion that the indictment properly charges a crime.

The second assignment of error relates to the action of the court in overruling defendant's plea of former jeopardy, or, more properly speaking, former conviction, it being claimed that the defendant's conviction

for conspiracy, in the distillery case, being based upon the same evidence that would be necessary to convict him of conspiring to induce Morsell to remain out of the jurisdiction of the court, the conviction would therefore constitute former jeopardy or former conviction. The conspiracy to transport the liquor from the robbed distillery was an entirely separate and distinct offense from that charged in this case, and the former conviction did not constitute former jeopardy.

Assignments of error 3, 4, 5, 6, and 7 relate to the action of the court in the admission of evidence, and we find no error in connection therewith.

The assignment of error No. 8 relates to the action of the court in refusing the defendant's first and second prayers for instruction, but we are of the opinion that they were properly refused, and that the subject-matter of these prayers was substantially and correctly covered in the charge of the trial court.

Assignments of error 9, 10, 11, 12, 13, and 14 also relate to the admission of certain evidence and the refusal of the court to admit other evidence, but upon examination we are of the opinion that the action of the court in each instance was correct.

Assignment of error 15 relates to the action of the court in overruling the defendant's five special exceptions to the court's charge to the jury, but we find that these special exceptions were properly overruled.

■ The sixteenth assignment of error relates to the action of the court in overruling defendant's objection to statements of the United States attorney in his closing argument to the jury. These statements were made with reference to the prior conviction of the defendants Pollock and Morsell, and this question has been given by us careful consideration. From the beginning of the trial, attorneys for the defendant Pollock repeatedly endeavored to get the record of the former conviction before the jury, especially for the purpose of supporting the plea of former conviction, and, while it is true that the court did refuse to admit the record of the former conviction, for that purpose, yet the court found as a fact that both sides had repeatedly referred to the former conviction during the course of the trial, and refused to exclude the remarks of the United States attorney. We do not see how defendants could possibly have been prejudiced by these remarks, even admitting they were not proper. The defendant's own counsel had made statements referring to the same subject-matter; had repeatedly endeav-

ored to get the former conviction before the jury, and had made the refusal of the court to admit the record of the former conviction the subject of an assignment of error (assignment of Error No. 12). The statement made by the United States attorney was not made in any unfair or vicious manner, and was simply a statement of a fact admittedly true. The error, if any, in permitting the statement complained of, was, in view of the overwhelming evidence against him, without prejudice to the defendant, and was therefore harmless. Honeycutt v. United States, 277 F. 941 (C. C. A. 4th Cir.); Carpenter v. United States, 280 F. 598 (C. C. A. 4th Cir.). See Assaid v. United States, 10 F. (2d) 752 (C. C. A. 4th Cir.).

The case presented here is entirely different from that of New York Central Railroad Co. v. Johnson, 279 U. S. 310, 49 S. Ct. 300, 73 L. Ed. 706. In the Johnson Case the remarks of the attorneys were, in the language of Mr. Justice Stone, speaking for the court, "bitter and passionate," and "tended to excite prejudice." No such situation is shown by the record here.

The defendant had a fair trial; there was no prejudicial error; and the judgment of the court below is accordingly affirmed.

WATKINS, District Judge (dissenting). Being unable to concur in the views of the majority of the court as set out in the foregoing opinion, I will briefly state my reasons for this dissent. While approving the decision of the court on other grounds, I am of opinion that the failure of the trial court to sustain defendant's objection to the United States attorney's argument of facts not in evidence is reversible error. While it is true that this evidence had been repeatedly tendered by the defendant for certain purposes stated in the record, at the same time its introduction had been rigidly refused by the court. In overruling defendant's objection to the argument of the government's attorney, the court stated that both sides had referred to the excluded testimony. The record shows, however, that the references by defendant's counsel were those made in the attempt to introduce the evidence, and it is also undisputed that, in deference to the ruling of the court, he refrained from any argument thereon, stating that, had he known the court would have permitted it, he would have discussed the excluded indictment. The remarks objected to were made in the concluding argument of the government's attorney, to which opposing counsel had no opportunity to reply. Neither in ruling upon the motion nor any-

where in its instructions did the court in any way advise the jury that it was improper to consider these facts not admitted in proof. The effect of the ruling was to indicate that such consideration was proper. We think that the harmful effect of thus signifying approval to a jury of the propriety of its consideration of unsworn and excluded facts must be assumed, and the harmful effect of the argument could only be neutralized by its prompt and emphatic exclusion at the hands of the court.

It has long and uniformly been held by federal courts that a trial judge himself may be guilty of reversible error by charging a proposition of law not applicable to any disclosed facts in a case. The purpose of the rule is to avoid the introduction of any such extraneous matters as would lead or permit the jury to form a conclusion upon unsupported facts and upon a false issue. The jealousy of the courts in protecting suitors in their right to a verdict uninfluenced by improper appeals of counsel is emphasized in the recent case of N. Y. Central Railroad Co. v. Johnson, 279 U. S. 310, 49 S. Ct. 300, 73 L. Ed. 706, decided by the Supreme Court, April 8, 1929. In that case the judgment was reversed, although the point had not been raised by particularizing an exception. The still more recent case of Nations v. U. S., 32 F.(2d) 598 (8th C. C. A.), is to the effect that it was reversible error for a prosecuting officer to base a portion of his argument on an assumed attitude of the press toward defendant which constituted matters not within the record, even though the court formally sustained an objection of the defendant without rebuke of counsel. While I think that this case should be reversed, it is proper to state that the remarks of the government's counsel were probably occasioned, first of all, by a misapprehension as to what had been proved in a long and hotly contested case. The continuation of the argument, however, after objection, under permission of the court, in my judgment requires a reversal.

The essentials of a fair and impartial trial are lacking where counsel for one side is permitted, over objection, to argue a question of evidence while that privilege is refused opposing counsel. Due process, including the trial of issues upon sworn testimony only, and the right to be confronted by the witnesses against him, are rights guaranteed by the Constitution, and have been embedded in and most jealously guarded by English Jurisprudence since the birth of Magna Charta. The effort of defendant's counsel to introduce the testimony was within his rights, and furnished no occasion for criticism if made in good faith and nothing to the contrary is indicated in the record. Whether, if admitted, it would have been explained or amplified by additional testimony does not appear. Its exclusion rendered improper all argument upon its effect. Had counsel for defendant persisted in argument in defiance of the court's ruling, he would not only have been guilty of a gross impropriety, but might also have subjected himself to punishment for contempt of court.

Commenting on evidence which has been excluded, the rule is forcefully stated in Thompson on Trials (2d Ed.) vol. 1, p. 819, § 969, as follows:

"An aggravated form of the abuse of the privilege of argument, which is included in the rule stated and illustrated in the two preceding paragraphs, is presented where counsel, in arguing to the jury, are guilty of the highly unprofessional conduct of stating or commenting on evidence which has been offered and excluded. This attempt to appeal from the judge to the jury, as to what is admissible as evidence in the case, is not only, within the limits stated in the preceding paragraphs, ground for a new trial, but the writer has no hesitation in saying that the presiding judge would be justified in treating and punishing it as contempt of court. Scarcely less unprofessional and pernicious is the practice of counsel presuming to state in argument what they *would have proved* had they been permitted under the rules of evidence."

The question of *law* in the instant case was raised by timely objection and specification of error. Such questions are not to be disposed of as matters of discretion. If error of law was committed, the case should be reversed, unless the error was harmless. And, as stated above, its injurious effect herein must be conclusively presumed.