## MEYER v. CAPITAL TRANSIT CO.
(two cases).

Nos. 71, 72.

Municipal Court of Appeals for the District of Columbia.

May 21, 1943.

Harry S. Wender, of Washington, D. C. (H. Nathaniel Blaustein, of Washington, D. C., on the brief), for appellants.

R. E. Lee Goff, of Washington, D. C. (H. W. Kelly, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The actions below were for personal injuries and property damage caused by a street car striking an automobile owned and operated by the adult appellant with whom was riding her small child, the infant appellant. The cases were tried together before a jury and resulted in a verdict for the Transit Company in each case.

The main point urged on appeal is the alleged improper remarks of appellee's counsel in his argument to the jury. Those remarks were: "We, the Capital Transit Company, do not want to cause injury to anyone. Accidents are unavoidable. Do you, members of the jury, for one moment think we would be here today if the Capital Transit Company thought there was any liability in the case?"

Appellants say that by those remarks counsel for appellee "inferred and meant to infer and convey to the jury that the Capital Transit Company always settled its claims where there was any liability, and that in these cases, therefore, there was no liability on its part."

We do not think that the remarks in their implication went as far as appellants contend, though unmistakably they tended to convey the impression that the Transit Company settles those claims against it in which it thinks there is liability.

The policy of the Transit Company in settling or defending claims was not in issue. There was no evidence before the jury on this question and had such evidence been offered it would have been rejected. While counsel are allowed a wide latitude in drawing deductions from the evidence,[1] arguments must be based on the evidence or that which may be properly inferred from the evidence.[2] If the argument was based on counsel's own personal experience, it was improper for that reason. If this argument were permitted then appellants' counsel might re-ply by giving his opinion of the Company's willingness or lack of willingness to settle what he considered valid claims. Obviously such statements would be of no aid to the jurors in determining the issues before them. Counsel should not state facts of his own knowledge or insinuate that he has knowledge of such facts. Statements not supported by admitted evidence tend to mislead the jury and are not to be commended.[3]

However, not every improper argument necessarily requires a reversal. In Bradford v. National Benefit Association, 26 App.D.C. 268, 277, the court, quoting from Dunlop v. United States, 165 U.S. 486, 498, 17 S.Ct. 375, 41 L.Ed. 799, said: "If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

When the argument was made counsel for appellants objected, and the trial court instructed the jury they were bound only by the evidence and testimony and that remarks made by counsel in argument should not be considered as any part of the evidence. This we think effectively removed any prejudice created by the remarks.

We recognize that language which plainly tends to excite prejudice is ground for reversal,[4] and especially so when it is persistently repeated[5] or goes to the jury with the approval of the court;[6] but the language here was not of an inflammatory nature, was not repeated and was immediately followed by the trial court's admonition that the case was to be decided on the evidence and that counsel's remarks were no part of such evidence.

Apparently counsel for appellants did not consider the remarks fatal to a fair trial because, though objecting, he did not ask the court to declare a mistrial. If he thought the remarks required a retrial before a new panel of jurors he should have asked for it then. One cannot take his chance on a favorable verdict, reserv-

1 Pickford v. Hudson, 32 App.D.C. 480.

2 Washington & G. R. Co. v. Dashiell, 7 App.D.C. 507; Washington & G. R. Co. v. Patterson, 9 App.D.C. 423.

3 Washington, etc., R. Co. v. Dulany, 53 App.D.C. 67, 288 F. 421.

4 New York Cent. R. Co. v. Johnson, 279 U.S. 310, 49 S.Ct. 300, 73 L.Ed. 706.

5 Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314.

6 Pickford v. Hudson, 32 App.D.C. 480.

394

ing a right to impeach it if it happens to go the other way.[7] We are aware of the rule that language can be so inflammatory and so prejudicial that an appellate court should in fairness order a new trial regardless of objection or particularization of objection,[8] but this is plainly not a case of that nature.

Appellants argue that the objectionable remarks must be considered in the light of what took place at the examination of prospective jurors on their voir dire. At that time counsel for appellee asked if any prospective juror or member of his family had ever had a claim against the Transit Company. One juror answered that he had presented such a claim and it was settled to his satisfaction without the necessity of legal action. Neither party objected to him and he was sworn as a member of the jury in this case. In view of the experience of this juror, together with the fact the jury returned verdicts for appellee within fifteen minutes, appellants say it is demonstrated that the objectionable argument was directed particularly to that particular juror and was persuasive in obtaining quick and favorable verdicts for appellee.

We cannot agree that the remarks of counsel for appellee were so effective. This same contention was presented to the trial court in motions for new trials, which were denied. "A trial judge who has heard comments of counsel and observed the jury at the time thereof is, from the practical standpoint, in a much better position than the appellate court to judge of their effect." Washington Times Co. v. Bonner, 66 App.D.C. 280, 292, 86 F.2d 836, 848, 110 A.L.R. 395.

The test which we must apply was stated in Simpson v. Stein, 52 App.D.C. 137, 139, 284 F. 731, 733, as follows: "In order to reverse the case on the third assignment of error, we must be satisfied from the record: First, that the plaintiff's attorney, in his argument to the jury, was guilty of misconduct which was likely to mislead, improperly influence, or preju-

dice the jury against the defendant; second, that, after objection, the court, by failing to apply appropriate disciplinary measures or to give suitable instructions, left the jurors with wrong or erroneous impressions, which were likely to mislead, improperly influence, or prejudice them to the disadvantage of the defendant."

Applying that test we are of opinion that any prejudice to appellants from improper argument was removed by the court's instruction.[9]

Appellants also argue that the verdicts of the jury were against the weight of the evidence. It is not the function of an appellate court to weigh the evidence,[10] and there being substantial evidence to support the verdicts we cannot disturb them on this ground.[11]

Affirmed.

[7] Harrington v. Boston Elevated R. Co., 229 Mass. 421, 118 N.E. 880, 2 A. L.R. 1057.

[8] New York Central R. Co. v. Johnson, 279 U.S. 310, 49 S.Ct. 300, 73 L.Ed. 706; Viereck v. United States, 63 S.Ct. 561, 87 L.Ed. ——, decided March 1, 1943.

[9] See Perry v. District Amusement Corp., 72 App.D.C. 323, 114 F.2d 484, 485, where defendant's counsel in argument to the jury stated that if plaintiff "had not been unreasonable in her demands the case would not have been in court". This argument was held not prejudicial.

[10] Operative Plasterers', etc., v. Case, 68 App.D.C. 43, 52, 93 F.2d 56.

[11] Brooks v. District of Columbia, D. C.Mun.App., 31 A.2d 657.