**Clarence McKinley SNIPES,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12697.**

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1956.

William Gerber, Memphis, Tenn., Charles A. Rond and Edward M. Lowrance, Memphis, Tenn., on brief, for appellant.

Warner Hodges, Asst. U. S. Atty., Memphis, Tenn., Warren Olney, III, Asst. Atty. Gen., Millsaps Fitzhugh, Edward N. Vaden, Robert E. Joyner, Memphis, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appellant was indicted on twelve counts for alleged violations of the Criminal Code, 18 U.S.C. § 912. His real name is Snipes but the indictment also listed him as parading under the alias A. C. Anderson. He was first tried to a jury on February 14, 1955. The jury found him not guilty under counts 11 and 12 and failed to agree on counts 1 through 10. He was re-tried on April 25, 1955, on the remaining counts, the jury finding him guilty on the single count No. 6 and not guilty on the remaining counts. The 6th count charged him with intent to defraud the United States by falsely pretending to be an officer thereof acting under its authority, as an agent of the Bureau of Internal Revenue, both under his own name and that of A. C. Anderson and upon his conviction under count 6 he was sentenced to a term in prison, from which sentence he appealed.

Of the claims of error, we consider but two, namely, (1) prejudicial argument by the government attorney and (2) the concededly false testimony of a witness for the government in rebuttal.

◼ (1) In the closing argument for the government, the district attorney told the jury: "We could have made thirty or forty counts in this thing, if you had wanted to be here a couple of weeks trying this lawsuit." There was no basis in the evidence for this assertion. It was prejudicial. (2) The government placed on the stand, in rebuttal of the denials of the appellant, a witness by the name of Irene Bruce who testified that the appellant had represented himself as A. C. Anderson and had written that name with a telephone number on her record book, in soliciting employment by her in making her tax return. The district attorney made much of her evidence in argument to the jury. Subsequently and before the jury had returned its verdict, it was discovered that a William C. An-

derson had interviewed the witness at or about the time she testified that she had been interviewed by the appellant. The signature on the record book was clearly not the signature of Snipes. The telephone number was Anderson's and the Anderson signature could well be read "W. C." instead of "A. C." The Court, in giving further instructions to the jury, after it had retired, held the testimony of Irene Bruce to be false and instructed the jury to disregard all of it. The question presented is whether the prejudice thus created was eliminated from the minds of jurors by the supplemental direction of the Court, in view of the fact that no mistrial was sought on that ground until after the guilty verdict, by motion for new trial.

In Pierce v. United States, 6 Cir., 86 F.2d 949, 953, we relied upon Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, where it was said: " * * * 'The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very different sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.' " See also New York Central R. Co. v. Johnson, 279 U.S. 310, 49 S.Ct. 300, 73 L.Ed. 706; Coulston v. United States, 10 Cir., 51 F.2d 178.

 It has been held that where evidence of guilt is overwhelming, minor prejudicial errors will not be considered unless pointed out to the trial court for correction, and preserved for review. But this does not preclude a reviewing court from noting important errors on the face of the record in a case where the issue of guilt is close. That it was close in this case is evidenced by the fact that the first jury acquitted the appellant on two similar counts of a twelve-count indictment and disagreed on ten others and, upon the second trial, acquitted on nine counts and convicted on but one. We think that, in these circumstances, the cumulative effect of the listing of the defendant as parading under the name of Anderson, the extravagant argument of the district attorney, and the false evidence of the witness Bruce combined to create an atmosphere of guilt that could not be dispelled by any corrective ruling of the Court, short of mistrial.

Reversed and remanded to the district court for a new trial consistent herewith.