LaFayette VEAL, Appellant,

v.

NEWLIN, INC., and Newlin Building, Inc.,
Alaskan corporations, Appellees.

No. 80.

Supreme Court of Alaska.

Dec. 20, 1961.

Robert A. Parrish, Fairbanks, for appellant.

Walter Sczudlo, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Veal fell on a stairway in a store owned by the Newlin corporations. There was a handrail on one side only. Asserting that Newlin was negligent in not having a handrail on the other side of the stairs, and that this was the cause of his fall, Veal commenced this action for damages because of injuries he allegedly sustained. The jury found against him, his motion for a new trial was denied, and he has appealed.

The trial court instructed the jury that the absence of the handrail was negligence on Newlin's part because this was in violation of a municipal ordinance. However, it was left to the jury to determine whether that was the proximate cause of Veal's fall. It is here that he claims the court committed reversible error. In his statement of points on appeal he asserts that the trial court's instructions Nos. 6 and 8, relating to proximate cause, went beyond

a statement of the law, and amounted to an argument for Newlin and constituted an invasion of the province of the jury as the sole and exclusive judges of this issue.

■ This point was also specified as error in appellant's brief, which was required practice if he intended to rely upon it.[1] But the brief contained no argument as to this issue in accordance with another requirement of the rule.[2] It consisted only of a cursory statement to the effect that the trial judge unduly emphasized the issue of proximate cause to the point where he was telling the jury how to decide the case. The point was not elaborated upon. We must conclude from this that Veal's counsel believed the alleged error was not of sufficient importance to merit serious consideration by this court. This conclusion is strengthened when we examine the two instructions. Although the trial court's discussion of the issue of proximate cause might have been more succinct, there was not such undue emphasis as to influence the jury adversely to Veal's case.

■ The brief also specifies as error[3] a number of other instructions given or refused by the trial court. There was no argument on the law or citation of authorities regarding any of them, except Veal's requested instruction No. 10 which the court refused to give. There is no error since the instructions as a whole were fair, and the requested instruction

was substantially covered by the court's instruction No. 6.

In argument to the jury Newlin's counsel referred to Veal's history of syphilis. It is claimed that this was prejudicial error on the ground that syphilis was not relevant because there was no evidence of a diagnosis having been made connecting that disease with Veal's condition. The subject had arisen during the testimony of Veal's physician. He had testified that Veal suffered from brain damage that would be attributable to falling and striking the back of his head on the stairs. Under cross-examination by Newlin's counsel, he stated that syphilis could possibly have an effect on the brain. He then referred to a medical report which showed Veal had stated he had had "a little syphilis" and had been treated for it with pills.

■ Veal was attempting to prove that the damage to his brain was caused when he fell on the stairs. Newlin was attempting in good faith to show that the brain damage was not due to the accident, but could have been attributable to a disease as an independent cause. It was permissible to establish that defense by cross-examination of Veal's witness.[4] The evidence developed through such cross-examination was the subject of fair comment in arguing the case to the jury, and the comment made by counsel was justified by the record. There is no error here.

1. Supreme Ct.R. 11(a) (6) provides that the appellant's brief shall contain "A specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. * * * "

2. Supreme Ct.R. 11(a) (8) states that the appellant's brief shall contain: "The argument, stating clearly the points of fact and of law being discussed, with reference to the pages of the record and authorities relied upon in support of each point. When a statute, regulation, ordinance, or opinion is cited, so much thereof as may be deemed necessary to the decision of the case shall be set out verbatim, either at this point, or if the matter quoted is lengthy, in an appendix."

3. This complied with Supreme Ct.R. 11(a) (6), supra note 1. But there was not compliance with Rule 9(e) which states: "If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve and file with his designation a concise statement of the points on which he intends to rely on the appeal. Otherwise such statement of points shall be served and filed prior to the time that the preparation of the record on appeal is to be completed. The court will consider nothing but the points so stated."

4. New York Central R. Co. v. Johnson, 279 U.S. 310, 316, 49 S.Ct. 300, 73 L. Ed. 706, 709–710 (1929).

Veal charged as error statements to the jury in which Newlin's counsel expressed personal belief in the credibility of certain witnesses. The subject was not argued in Veal's brief as required by the rule.[5] We consider this an abandonment of the point and decline to review it, except to observe generally that counsel cannot remain silent, interpose no objections, and after a verdict, has been returned seize for the first time on the point that comments to the jury were improper or prejudicial.[6]

It is claimed that error was committed by Newlin's counsel when he made the following statement in his argument to the jury:

"Yes, I didn't bring Mrs. Rosenbluth because she didn't see anything. Mr. Parrish says I have a duty to bring forward something that is in the case. I talked to Mrs. Rosenbluth, she didn't see anything. If she saw anything or knew anything about it I'd have her here."

Veal's counsel made no objection. He did not bring the matter to the trial court's attention in his motion for a new trial. He made no mention of it in his statement of points on appeal.[7] The meager argument in his brief leaves us unconvinced that the error was anything but harmless.[8]

We believe that an appellant has a particular obligation to adequately prepare his case so as to be of assistance to this court. That was not done in this case. We consider this an appropriate occasion to remind counsel that the presentation of cases without adequate preparation discredits the bar and obstructs the administration of justice.[9]

The judgment is affirmed.

5. Supreme Ct.R. 11(a) (8), supra note 2. This point was also not raised in Veal's motion for a new trial.

6. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 239, 60 S.Ct. 811, 84 L.Ed. 1129, 1176 (1940).

7. Note 3, supra.

8. Harmless error must be disregarded. Civ.R. 61. Davidsen v. Kirkland, No. 53, 362 P.2d 1068, 1069 (Alaska 1961).

9. New York Central R. Co. v. Johnson, 279 U.S. 310, 319, 49 S.Ct. 300, 73 L. Ed. 706, 711 (1929).