FRANKLIN INVESTMENT CO., Inc.,
Appellant,

v.

Bennie W. WILLIAMS and Betty A.
Williams, Appellees.

No. 2958.

Municipal Court of Appeals for the
District of Columbia.

Argued April 16, 1962.

Decided June 28, 1962.

Carl P. Fogel, Washington, D. C., with whom Samuel H. Suls, Washington, D. C., was on the brief, for appellant.

Earl H. Davis, Washington, D. C., entered an appearance for appellees, but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellees purchased an automobile under a conditional sales contract secured by a promissory note. When they defaulted in their payments, appellant, as holder of the note, repossessed and resold the vehicle, and then brought this suit for the resulting deficiency. Appellees answered, denied the indebtedness, and asserted that appellant was neither the real party in interest nor a holder in due course. By counterclaim they sought compensatory and punitive damages for the repossession and the value of certain personal property alleged to have been in the automobile. Trial by jury resulted in a verdict awarding appellees $200 compensatory and $800 punitive damages. This appeal followed.

Of the several errors assigned, the principal one concerns the failure of the court to declare a mistrial on the basis of defense counsel's numerous statements which were inflammatory, misleading, and unfounded. We have carefully reviewed the transcript, which exceeds some five hundred pages, and are convinced that the court would have been justified in declaring a mistrial on the basis of defense counsel's opening statement. This was, in effect, an argument to the jury, and it is doubtful whether it would have been proper even at the close of all the evidence. On three occasions appellant's counsel requested the court to declare a mistrial. Each time the court would admonish defense counsel, but the warnings went unheeded.

We also consider defense counsel's cross-examination of appellant's general manager highly improper and inflammatory. It covered such collateral matters as the witness's shooting and wounding a man during his tenure on the police force, as well as a bankruptcy proceeding in which he was subsequently involved. Appellant's counsel seasonably called the court's attention to these highly prejudicial remarks and objected to them. Even if these remarks were not intended to influence the jury in the rendition of its verdict, they undoubtedly did.[1] We believe the interests of fairness will best be served by the award of a new trial.

The other contentions raised will not be discussed as we have no way of knowing whether they will arise on a new trial.

Reversed with instructions to grant a new trial.

---

1. Cf. Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392 (1943), and cases cited therein.