## LANG *v*. NEW JERSEY.

### ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

No. 649.   Argued April 6, 1908.—Decided April 27, 1908.

It is within the power of the State to divide accused persons into two classes, those who are, and those who may be, accused, and, if there is no discrimination within the classes,-a person in one of the classes is not denied the equal protection of the laws because he does not have the same right of challenge of a grand juror as persons in the other class.

As construed by the highest court of that State, the statute of New Jersey providing that challenges to grand jurors cannot be made after the juror has been sworn does not deprive a person accused after the grand jury has been impanelled and sworn of the equal protection of the law because one accused prior thereto would have the right of challenge.

68 Atl. Rep. 210, affirmed.

THE facts are stated in the opinion.

*Mr. Alan H. Strong* for plaintiff in error:

To challenge a grand juror for any ground of disqualification is the right at common law of any one who is under prosecution for any crime whatever. 2 Hawkins P. C., c. 25, § 16; 1 Bishop Crim. Pro. (3d ed.), § 676; 4 Crim. Law Magazine (March, 1883), 171 &c.

If any one of the jurors of the grand jury which finds an indictment is disqualified, he vitiates the whole, though all the other jurors should be unexceptionable. 2 Hawkins, P. C., c. 25, § 28; 1 Bishop Crim. Pro., § 749, § 3884 (3d ed.); 1 Chitty Crim. Law, 307; *State* v. *Rockafellow*, 1 Halstead, 332;

*State* v. *Hoffman,* 42 Vroom, 285; *Crowley* v. *United States,* 194 U. S. 461; *United States* v. *Gale,* 109 U. S. 65.

Equal protection of the laws requires that no person shall be indicted without having had an opportunity to challenge members of the grand jury who are disqualified. *Gulf &c. R. R.* v. *Ellis,* 165 U. S. 150; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 560; *Ohio ex rel. Lloyd* v. *Dollison,* 194 U. S. 445, 447; 1 Bishop Crim. Pro. (3d ed.), §§ 877–879; *United States* v. *Gale,* 109 Τ S. 65, 67; *Carter* v. *Texas,* 177 U. S. 442, 447.

The construction of the law in question, as expounded by the Court of Errors and Appeals, imposes upon this defendant a constructive waiver of this feature of the protection of the laws, in advance of the exigency which renders the protection desirable. But it is not in the power of the State to do this. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Rogers* v. *Alabama,* 192 U. S. 226; *Crowley* v. *United States,* 194 U. S. 461, 474; *Boyd* v. *United States,* 116 U. S. 616, 635; *Carter* v. *Texas,* 177 U. S. 442; *State* v. *Rockafellow,* 1 Halstead, 343; *Gibbs* v. *State,* 16 Vroom, 379; *State* v. *Hoffman,* 42 Vroom, 285.

*Mr. George Berdine* for defendant in error:

The statute of New Jersey herein in question does not deprive the defendant of any fundamental or all-important right. See *Brown* v. *State,* 33 Vroom, 666; *Gibbs* v. *State,* 16 Vroom, 382; *State* v. *Hoffman,* 42 Vroom, 285.

The forty-seventh section of the jury act does not in the case *sub judice* violate the Fourteenth Amendment. A state law is not within the amendment if it does not infringe "fundamental and all-important rights," or if it be based on "municipal considerations" alone; if the class upon whom the law operates is not made by an arbitrary and unreasonable classification. First, the right to principal challenge is not a fundamental and all-important right. *Hayes* v. *Missouri,* 120 U. S. 68; Proff. Jury Trial, § 106; 12 Ency. Pl. & Prac., 475; 1 Bishop Crim. Pr., 941; *Howard* v. *Kentucky,* 200 U. S. 173.

Second, the statute is based on "municipal consideration" alone. *Lewis* v. *Missouri,* 101 U. S. 22; *McQuellin* v. *State,* 8 S. & M. 587, 597; *Kane* v. *State,* 86 Mississippi, 505. Third, if there be a class favored by the statute, it is not an arbitrarily made class. *Bachtel* v. *Wilson,* 204 U. S. 41; *Lewis* v. *Missouri,* 101 U. S. 22; *Brown* v. *State,* 175 U. S. 175; *West* v. *Louisiana,* 194 U. S. 263.

Mr. Justice McKenna delivered the opinion of the court.

Plaintiff in error was convicted in the Court of Oyer and Terminer of Middlesex County, N. J., of the crime of murder. His conviction was successively affirmed by the Supreme Court of the State and the Court of Errors and Appeals. 68 Atl. Rep. 210. He attacks the judgment on the ground that he has been deprived of the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States, in that his motion to quash the indictment was denied, a plea in abatement overruled, and that he was required to answer the indictment.

The crime for which plaintiff in error was indicted was committed after the grand jury was impanelled, and two of its members were over the age of sixty-five years. The object of his motion and plea was to avail himself of the limitation of age of grand jurors prescribed by the statutes of the State and avoid that part of the section which provides that the exception on that ground must be taken before the jury is sworn.[1]

---

1 That every person summoned as a grand juror in any court of this State, and every petit juror returned for the trial of any action or suit of a civil or criminal nature, shall be a citizen of this State and resident within the county from which he shall be taken, and above the age of twenty-one and under the age of sixty-five years; and if any person, who is not so qualified, shall be summoned as a grand juror, or as a juror on the trial of any such action in any of the courts of this State, or if any person shall be summoned as a petit juror at any stated term of any court of this State, who has served as such at any of the three stated terms next preceding that to which he

This provision, plaintiff in error contends, as applied by the courts of the State, separates criminal defendants into classes, to wit, those who are accused before the finding of the indictment and those who are accused afterwards, giving to the first a privilege of challenge which is denied to the second. And, it is contended, that there is no substantial reason for the classification, and, therefore, the provision of the Fourteenth Amendment, which secures to all persons the equal protection of the laws, is violated.

The Court of Errors and Appeals met this contention by denying that the statute made the classification asserted. The court observed that the contention rested "fundamentally upon the proposition that the right to have the grand jury discharged upon the statutory grounds stated in section 6 of the jury act is for the benefit or protection of a particular class of persons," whom, the court said, "to avoid constant paraphase," it would "call putative criminals." And "putative criminals," the court defined, to be all who actually committed crime before the grand jury had been sworn, or who were charged or suspected, or, being wholly innocent, were ignorant of the fact that they were suspected, as well as those who were charged with the crime during the sitting of the grand jury. But to none of these, the court said, was the protection of the statute addressed; that its purpose was the "furtherance of the due and efficient administration of justice for the protection of those against whom crimes might be committed as well as those who might be charged with the commission of such crimes." The object sought to be attained, it was further said, by the disabilities expressed in the statute, "was to secure an efficient and representative

may be summoned, it shall be good cause of challenge to any such juror, who shall be discharged upon such challenge being verified according to law, or on his own oath or affirmation in support thereof; provided, that no exception to any such juror on account of his citizenship or age, or any other legal disability, shall be allowed after he has been sworn or affirmed. Act of April 21, 1876, P. L. 360; 2 General Statutes of New Jersey, 1896, p. 1853, § 47.

body of citizens to take part in the due administration of the law for the benefit of all who were entitled to its protection, and not specially or even primarily for the benefit of those charged with its violation."

This we accept as the proper construction of the statute, and see no unconstitutional discrimination in it. It is to the effect that certain qualifications have been deemed advisable in order to make the grand jury a more efficient instrument of justice—qualifications which have no relation to any particular defendant or class of defendants. And the practical is regarded. Objection may be taken before a jury is sworn, but not afterwards, and the statute uses for its purpose the Prosecutor of Pleas, those who stand accused of crime and even, the court says, an *amicus curiæ.* A grand jury thus secured will have all the statutory qualifications in most cases for all defendants; and besides the discrimination is very unsubstantial, as was pointed out in *Gibbs et al.* v. *State,* 16 Vroom, 382.

Counsel has not been able to point out what prejudice results to defendants from the enforcement of the statute. He urges a verbal discrimination, and invokes the Fourteenth Amendment against it. The statute, he in effect says, fixes the limit of service at twenty-one and sixty-five years, and confesses the latter is "somewhat early," but seeks to sustain his contention as follows: "And though it may not be possible in any case to show that the fact of the juror being above the lawful age has worked injustice to the defendant, he is not required to show it. It is enough that a statute has been transgressed which was enacted, in some measure at least, for his benefit. The due observance of that statute is part of the protection of the laws, to which, equally with all others in like circumstances, he is entitled under the guaranty of the Fourteenth Amendment."

But this proceeds upon a misconception of the purpose of the statute, as was pointed out by the Court of Errors and Appeals, and of the power of the State.

Let it be granted, in deference to the argument of counsel, that the statute makes two classes—those who are accused of crime and those that may be accused—there is certainly no discrimination within the classes, and the only question can be whether, in view of the purpose of the statute, is the classification justified? In other words, whether the persons constituting the classes are in different relations to the purpose of the law. That they are we think is obvious; and, as we have said, the law neither offers or withholds substantial rights. It constitutes one of its instrumentalities of persons having certain qualifications which cannot affect essentially the charge against or the defense of any defendant. It is the conception of the State that a grand jury so constituted would be more efficient in the administration of justice than one not so constituted, but that there would be counteracting disadvantages if the right of challenge should be extended beyond the date of the empanelment of the jury. We think it is competent for the State to have so provided.

It will be observed that the provision of the statute is that no exception to a juror "on account of his citizenship or age *or any other legal disability* [italics ours] shall be allowed after he has been sworn." It is hence contended that "the principle of the decision" under review is not limited to the "statutory disqualifications." The court said, however, "whether the words of the statute, 'any other disability,' include the common law grounds of prejudice, malice and the like, and, if so, what would be the rights and remedies of an indicted person who had had no opportunity to challenge a given juror upon these personal grounds is not involved in the facts of the present case or in the line of reasoning upon which, in our judgment, its decision should be placed." In connection with this comment see *Lee* v. *State of New Jersey*, 207 U. S. 67.

*Judgment affirmed.*