STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VICTOR BOGEN, DEFENDANT, AND SEYMOUR S. LIEBERMAN, DEFENDANT-APPELLANT.

Argued May 25, 1953—Decided June 15, 1953.

*Mr. H. Russell Morss, Jr.,* Prosecutor, Union County, argued the cause for respondent.

*Mr. Eugene A. Liotta* argued the cause for appellant.

The opinion of the court was delivered by
WILLIAM J. BRENNAN, JR., J.    Defendant Lieberman's conviction upon an indictment charging that he "willfully and unlawfully did make and take what is commonly known as

a book, upon the running of horses, mares and geldings, contrary to the provisions of *R. S.* 2:135-3," was sustained by the Appellate Division, 23 *N. J. Super.* 531 (1952) ; and we granted certification upon his petition, 11 *N. J.* 580 (1953).

█ The judgment of the Appellate Division is affirmed, and generally for the reasons stated in Judge Eastwood's opinion. The act proved against Lieberman constituted bookmaking within the definition pronounced by Mr. Justice Heher in *State v. Morano,* 134 *N. J. L.* 295, 299 (*E. & A.* 1946), namely, "the making or taking and recording or registering of bets or wagers on races and kindred contests." And, viewed as a single transaction, proof of the act sufficed to sustain the charge laid in the indictment. The statute by its express terms is violated by "Any person who shall *habitually or otherwise*" commit that offense. It is not requisite, as appellant insists, that the proofs show that the defendant under such an indictment "habitually is engaged in the business of making book," cf. *State v. Costa,* 11 *N. J.* 239 (1953) ; *State v. Clark,* 137 *N. J. L.* 10 (*Sup. Ct.* 1948), affirmed 137 *N. J. L.* 614 (*E. & A.* 1948).

The comments by the prosecuting attorney in his summation upon matters outside the evidence were highly improper. From the number of instances coming to our attention in the recent past, this irregularity on the part of prosecuting attorneys is unhappily too prevalent. If not conscious transgressions, and doubtless such is not often the case, they show at least a necessity to remind prosecutors once again of their primary function in the role of State's attorneys. Canon 5 of the Canons of Professional Ethics states it simply and forcefully: "The primary duty of a lawyer engaged in public prosecution is not to convict, but to see that justice is done." The canon epitomizes Mr. Justice Sutherland's classic statement in *Berger v. United States,* 295 *U. S.* 78, 88, 55 *S. Ct.* 629, 633, 79 *L. Ed.* 1314, 1321 (1935) :

"The * * * [prosecuting] Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecu-

tion is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor— indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."

No authority questions that the broadest latitude in summation must be allowed the prosecutor and defense counsel alike to advocate their respective positions before the jury in order that justice and right be done. But every statement of the rule in our own reports emphasizes that comment must be restrained within the facts shown or reasonably suggested by the evidence adduced.

In *State v. Barker*, 68 *N. J. L.* 19, 27 (*Sup. Ct.* 1902), Chief Justice Gummere expressly approved the principle laid down in *People v. Fielding*, 158 *N. Y.* 542, 53 *N. E.* 497, 46 *L. R. A.* 641 (*Ct. App.* 1899), declaring it to be error for the trial judge "to permit appeals by the prosecutor of the pleas to the prejudice of the jurors, *based upon facts which have not been proved, but which rest wholly on his unsupported assertions*," although "Where counsel, in his summing up to the jury, *confines himself to the evidence in the case*, what is said by him in its discussion, by way of comment, denunciation or appeal, affords no ground of exception." (Emphasis supplied)

The same distinguished jurist said, in *State v. Lang*, 75 *N. J. L.* 1, 8 (*Sup. Ct.* 1907), affirmed 75 *N. J. L.* 502 (*E. & A.* 1907), affirmed 209 *U. S.* 467, 28 *S. Ct.* 594, 52 *L. Ed.* 894 (1908):

"* * * It is necessary for the proper administration of justice that, in the summing up to the jury, counsel shall be given the widest latitude *within the four corners of the evidence, and, so long as he confines himself to the evidence*, what is said by him in its dis-

cussion, by way of comment, denunciation or appeal, affords no ground of exception." (Emphasis supplied)

Of more recent date is Chief Justice Brogan's exposition of the principle in *State v. Cioffe*, 128 *N. J. L.* 342, 354 (*Sup. Ct.* 1942), affirmed 130 *N. J. L.* 160 (*E. & A.* 1943) :

"* * * An energetic prosecutor will sum up a case in vigorous style. From time immemorial rhetoric, figures of speech, and descriptive phrases have been accepted as fitting for presenting facts and arguments to support a theory of guilt or innocence. *So long as counsel does not depart from the facts and reasonable inference*, he is within his rights." (Emphasis supplied)

These long-standing pronouncements eliminate any possible basis for excusing excursions by prosecutors outside the evidence when summing up. The weaker the State's case against the defendant, the more, not the less, is it the prosecuting attorney's obligation to stay within bounds, that no man be convicted unjustly. A prosecuting attorney's standing rests upon his reputation for prosecuting fairly, "that guilt shall not escape or innocence suffer," not upon the number of convictions he obtains. In the heat of advocacy he may with propriety employ to the full his talent for forceful expression, but he must confine himself to fair comment upon the facts in evidence. *State v. Grillo*, 11 *N. J.* 173 (1952) ; *State v. Tansimore*, 3 *N. J.* 516 (1950) ; *State v. Hauptmann*, 115 *N. J. L.* 412 (*E. & A.* 1935), *certiorari* denied 296 *U. S.* 648, 56 *S. Ct.* 310, 80 *L. Ed.* 461 (1935).

And the prosecuting attorney's conduct is not the less censurable merely because the appellate courts, as in the instant case, conclude that in the particular circumstances the impropriety did not prejudice the rights of the defendant. His duty under the canon "not to convict but to see that justice is done" is nevertheless transgressed by his unwarranted introduction of matter not in evidence without regard to whether or not the conviction is allowed to stand. The conviction may nevertheless be sustained by reason of the application of settled rules of law which operate against the defendant even in such case. Ordinarily a defendant will not be heard to claim prejudice if defense counsel does not

interpose a timely and proper objection to the improper remarks, *State v. Terry*, 91 N. J. L. 539 (E. & A. 1918); *State v. Hauptmann, supra,* or if upon objection the remark is promptly withdrawn by the prosecutor, *Dunlop v. United States*, 165 U. S. 486, 17 S. Ct. 375, 41 L. Ed. 799 (1897), and, whether the remark be withdrawn or not, the trial judge in an unexceptionable manner orders that the remarks be stricken from the record and directs that the jury disregard them. *State v. Randall*, 95 N. J. L. 452 (E. & A. 1921); *State v. Hernia*, 68 N. J. L. 299 (E. & A. 1902); *State v. Bolles*, 13 N. J. Misc. 273 (Sup. Ct. 1935). Of course, even in such circumstances an appellate court is at liberty to upset the verdict if the prejudice done the defendant is apparent notwithstanding the effort of the trial judge to eradicate it, and, dependent upon the circumstances, even when the improper remarks have not been objected to by defense counsel. *Rule* 1:2–19(a); see *Viereck v. United States*, 318 U. S. 236, 63 S. Ct. 561, 87 L. Ed. 734 (1943); cf. *United States v. Socony Vacuum Oil Co.,* 310 U. S. 150, 60 S. Ct. 811, 84 L. Ed. 1129 (1940). What was said by Chief Justice Stone in *New York C. R. Co. v. Johnson*, 279 U. S. 310, 318, 49 S. Ct. 300, 303, 73 L. Ed. 706, 710 (1929), a civil case, is equally if not indeed even more apt upon the review of a criminal conviction claimed to have been prejudiced by irregularities in the prosecuting attorney's summing up:

"* * * The State, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice. * * * Where such paramount considerations are involved, the failure of counsel to particularize an exception will not preclude this court from correcting the error."

We cannot say that there was prejudice done the defendant in the instant case in light of what occurred when the prosecuting attorney made the improper remarks. The record shows the following:

"(During the course of his summation, Mr. Sellers stated: '—and we had the Kefauver investigation.')

Mr. Liotta: I object to this and I submit that his remarks are unwarranted.

Mr. Sellers: I believe I have a right to comment upon public events.

Mr. Liotta: We are not interested in the Kefauver investigation.

The Court: He is merely commenting on the weight that should be given character witnesses.

Mr. Liotta: But the fact is that he has come out with something that happened in the Kefauver investigation.

The Court: I don't know what he said about that.

Confine your argument to the points relative to the evidence received.

Mr. Sellers: I was attacking the character witnesses, that is the reason I referred to the Kefauver investigation and no other reason.

The Court: There is no evidence what these witnsses did in the Kefauver investigation.

Mr. Liotta: He also brought out the fact that there was a banker in Perth Amboy that had the finest reputation, but that has nothing to do with this case.

The Court: I will agree with you.

Mr. Sellers: I will withdraw that, and I am sorry. I apologize.

Mr. Liotta: If the Court please, I move for mistrial because the damage has been done.

The Court: I will deny your motion and order the jury to disregard the remarks about the banker in Perth Amboy and any investigation conducted by Senator Kefauver. Confine your argument to the material facts in this case."

The prosecutor continued his summation, and after an interval the following occurred:

"* * * Another thing, it is legal to bet in New Jersey at the legal race track, where the bets are carefully checked and the odds are figured after breakage and after the State gets a cut and the track gets a cut. What odds do these fellows pay? They take more than Monmouth Park, and they do not even play square with the bettor.

Mr. Liotta: I object to that.

The Court: There is no evidence that the bookmakers do not play square with the bettors. I don't know what the odds are. They may be more than the pari-mutuel pay, but there is no evidence as to that. Proceed and confine your summation to the evidence."

The prosecutor went on, and concluded with:

"I leave it entirely to you. I live in Union County, and you know what goes on. You read the papers, and you know what goes on.

It is entirely up to the people. I leave the case for you to decide. Thank you."

To this last no objection was interposed by the defendant.

The opening and closing statements of all counsel in every jury case are integral and important parts of the trial proceeding. It is not presently required that they be recorded stenographically. The court is of the opinion that wholesome results may be realized from such a requirement, and we are therefore including in the forthcoming *Revision of the Rules Governing the Courts* appropriate rules requiring that in all causes, civil or criminal, tried before a jury in the Superior and County Courts, the opening and closing statements of all counsel to the jury shall be taken stenographically in open court.

In the instant case the complete summation of the prosecuting attorney was not taken stenographically. All that was recorded of the remarks challenged by appellant is what appears above. Appellant's counsel attempted to argue the case in this court upon a brief which included other alleged remarks of the prosecuting attorney admittedly not recorded. This highly irregular and most improper conduct cannot escape reprimand. We are bound in our consideration of an appeal to what appears of record, save as we may agree to consider other matters stipulated by counsel. Appellant's counsel cannot be excused here because the prosecutor may not have objected when the same thing was done in the moving papers on appellant's motion for a new trial in the trial court. He was fully apprised in the State's brief that the State claimed the alleged text was a "serious distortion" and "apparently extracted from some source other than the record."

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.