123 N.J. Super. 444 (1973)
303 A.2d 591
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANIEL JAY GOULD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 27, 1973.
Decided April 12, 1973.
*446 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Messrs. Noonan and Flynn, attorneys for appellant (Mr. John W. Noonan, on the brief).
Mr. Karl Asch, Union County Prosecutor, attorney for respondent (Mr. Lawrence H. Posner, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by MATTHEWS, J.A.D.
Defendant seeks a reversal of his conviction by a jury for bookmaking. (N.J.S.A. 2A:112-3). *447 He asserts three grounds: (1) the trial court improperly denied his motion to suppress; (2) the State failed to prove an act of bookmaking on the day alleged in the indictment; (3) the prosecutor's comments on summation were highly prejudicial.
Evidence at the motion to suppress showed that police executed a search warrant which authorized a search of the person of Joseph Loiacono (a codefendant) and premises known as Lenny & Joe's Barber Shop. Defendant was seated in a chair with a towel or nylon cloth about his shoulders when the raiding party entered the shop. During the ensuing search, a "comeback sheet" (record of money owed on bets) was found in the inside pocket of a suit jacket later identified as defendant's which was hanging on the customers' coat rack. The coat rack also held defendant's overcoat, a barber's jacket and three hats. Two barbers and a shoeshine man were present in the shop. Defendant was the only customer at the time.
The trial judge found that no members of the raiding party knew the jacket in which the "comeback sheet" was found was defendant's until after it had been searched  and that such lack of knowledge was reasonable under the circumstances. We find sufficient credible evidence in the record to support those findings.
Defendant also challenges the sufficiency of the State's proof and the judge's charge to the jury with respect to the lack of proof of an affirmative act of bookmaking on the date of his arrest. The slip of paper in defendant's jacket pocket contained a record of bets placed during the week of February 15, 1970 and, on the reverse side, a record of money owed or still to be paid. The State's expert witness testified that because defendant had not destroyed the paper, it was likely money was still owing March 5, 1970, the date of the bookmaking alleged in the indictment. The trial judge charged the jury that some current activity either actual or anticipated had to be proven, and that if defendant had taken bets in the past and if that money was still *448 owing on March 5th and, if further, defendant had intention to collect that money March 5th, the jury could find him guilty of bookmaking. These instructions were proper. He did not inform the jury as defendant contends, that mere possession of the "comeback sheet" was enough to support a conviction. Bookmaking is an operation which involves both the placing of bets and the paying off (or collection of) bets.
Defendant's final argument involves the following portions of the prosecutor's summation which he claims to have been prejudically improper:
Incidentally, you had an opportunity during the trial to observe Daniel Gould and Joseph Loiacono. From your common experiences as mature adults evaluate your observations. Look at Mr. Gould. How does he impress you?
Following defense counsel's objection, the prosecutor continued:
* * * observe Daniel Gould. Observe Joseph Loiacono. Compare the two. Observe the demeanors. How does Mr. Gould impress you? Common experience as mature adults  bookmaker?
Again there was a vigorous objection from defense counsel, followed by the trial judge's observations that "the jury may observe demeanor * * *," after which the prosecutor stated to the jury:
His demeanor alone can't convict him. It is only one other indicia, when added to S-8 in evidence, gives you a conclusion to draw Daniel Gould is a bookmaker. [Emphasis added]
These remarks of the prosecutor were clearly improper and legally erroneous. We find no support for them in State v. Conyers, 58 N.J. 123 (1971), which the State cites as authority for their propriety.
Jurors are expected to use their common sense and experiences in evaluating evidence and arriving at a verdict. *449 This process invariably requires a resolution of where the truth lies. Trial judges usually instruct jurors, as the trial judge did below, that they should observe the demeanor of all witnesses who testify as an aid in determining whether a specific witness testified truthfully. Here defendant chose not to testify as was his constitutional right. Despite this, and despite the fact that defendant's conduct during the trial was proper, the prosecutor sought to have the jurors take into account his physical characteristics as an evidentiary fact of guilt. Demeanor becomes an issue for a jury only if a witness takes the stand and testifies before the jury, and may be used by the jurors as one of the tools to test the witness' credibility. There is no known principle of law which permits jurors to judge innocence or guilt in this manner.
Whether improper comment by a prosecutor during summation necessarily calls for a reversal requires a consideration of whether trial counsel made timely objection and the action of the trial judge in response thereto. State v. Vaszorich, 13 N.J. 99, 119 (1953). Here, proper objection was made but the trial judge ignored it, erroneously observing that the jurors could "observe demeanor." In addition, no corrective instruction was included in the charge.
The remarks clearly were drawn from outside the evidence adduced at trial and any reasonable inference that could have been drawn from such evidence. See State v. Johnson, 31 N.J. 489, 511 (1960); State v. Mayberry, 52 N.J. 413, 437 (1968). We find the remarks of the prosecutor to have been appeals to the prejudices of the jurors, State v. Bogen, 13 N.J. 137, 140 (1953), and therefore so grossly unfair and prejudicial as to have deprived defendant of a fair trial. Cf. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).
The judgment of conviction is reversed and the cause remanded for a new trial.