689 A.2d 872

BRIAN CONDELLA, PLAINTIFF, v. CUMBERLAND FARMS, INC., JOHN DOE (A FICTITIOUS NAME), MARY DOE (A FICTITIOUS NAME), ABC PARTNERSHIPS (A FICTITIOUS NAME), AND XYZ CORPORATIONS (A FICTITIOUS NAME), DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

Decided October 21, 1996.

532

Mark Pfeffer for plaintiff (*Goldenberg, Mackler & Sayegh,* attorneys).

*Gary Untracht* for defendant (*Franchino & Kulick,* attorneys).

WINKELSTEIN, J.S.C.

The issue before the court is the propriety of counsel replaying portions of the videotaped trial testimony during summation. This opinion is a more complete explanation of the court's decision during trial.

This matter comes before the court for a trial before a jury as to damages. Plaintiff slipped and fell at a Cumberland Farms market. There is no dispute as to liability or comparative negligence. The issue is what injuries, if any, plaintiff suffered as a result of the fall.

As one might expect, the physician who testified on behalf of plaintiff stated that plaintiff's injuries were substantial, permanent and proximately caused by his fall. The defense doctor rendered a contrary opinion, but during the course of his testimony he made certain statements which were not inconsistent with the position taken by plaintiff. Specifically, the defense doctor admitted the permanency of some of plaintiff's injuries. Plaintiff's counsel has requested that he be permitted to play those portions of the doctor's testimony to the jury and comment thereon during summation. He also requests that the court allow portions of defense counsel's opening to be replayed for the jury. Defense counsel objects, arguing such a presentation would mislead the jury and be highly prejudicial.

In the courtroom in which the trial is being held the record of the proceedings is made on videotape rather than by using a court reporter or recording device. *R.* 1:2–2. There are a number of cameras mounted on the walls, with microphones on each counsel table, one on the witness box and one on the bench. The cameras in the courtroom are voice activated. Anyone who speaks in the courtroom is not only sound recorded but videotaped as well. At the end of each court day, for a nominal charge of ten dollars, each party to the lawsuit is able to purchase a videotape of the day's proceeding. In the instant case, plaintiff's counsel purchased the videotapes, selected specific portions, spliced them together, and

now seeks to show those portions of the trial testimony to the jury as part of his closing statement.

Closing statements, commonly known as summation or closing arguments, are permitted by *R.* 1:7–1(b). "After the close of the evidence and except as may be otherwise provided in the pretrial order, the parties may make closing statements in the reverse order of opening statements." Counsel is to be given "broad latitude" in summation but "comment must be restrained within the facts shown or reasonably suggested by the evidence adduced." *State v. Bogen,* 13 *N.J.* 137, 140, 98 *A.*2d 295, *cert. denied,* 346 *U.S.* 825, 74 *S.Ct.* 44, 98 *L.Ed.* 350 (1953). Counsel may not "misstate the evidence nor distort the factual picture." *Matthews v. Nelson,* 57 *N.J.Super.* 515, 521, 155 *A.*2d 111 (App. Div.), *certif. denied,* 31 *N.J.* 296, 157 *A.*2d 364 (1959).

Case law discussing the replaying of videotape testimony for the jury is limited, but *State v. Michaels,* 264 *N.J.Super.* 579, 625 *A.*2d 489 (App.Div.), *certif. denied,* 134 *N.J.* 476, 634 *A.*2d 523 (1993), lends support to plaintiff's position. In *Michaels* the defendant was on trial for child molestation. *See id.* The testimony of the abused children was presented via videotape pursuant to *N.J.S.A.* 2A:84A–32.4. In other words, the children were allowed to testify by closed circuit television (CCTV) and a videotape was made of their testimony. At the request of the jurors, the actual videotape, rather than traditional transcripts of the testimony, was later provided to the jury for review during deliberations. *Id. See also, State of New Jersey v. Margaret Kelly Michaels: An Overview,* Robert Rosenthal, 1 Psychol.Pub.Pol'y & L. 246 (1995). On appeal of the trial judge's ruling that the jury could review the videotapes rather than the written transcripts, the Appellate Division declined to find error. *See* 264 *N.J.Super.* at 641–44, 625 *A.*2d 489. The trial court reasoned that the jury's review of the videotapes was synonymous with a review of the written transcript and the Appellate Division agreed. *Id.* at 642, 625 *A.*2d 489. The appellate court cited several federal cases, agreeing that although it is error to allow the jury to have videotaped testimony and a

means of playing it in the jury room, *id.* at 643, 625 *A.*2d 489, playing the videotape of testimony in its entirety for the jury in open court is permissible. *Id.* at 644, 625 *A.*2d 489. The Appellate Division went on to note:

It is clear that videotaped testimony provides more than conventional, transcribed testimony. The witness' actual image, available in a video replay, presents much more information than does a transcript reading. In essence, the witness is brought before the jury a second time, after completion of the defense case, to repeat exactly what was testified to in the State's case. The witness' words and all of the animation, passion, or sympathy originally conveyed are again presented to the jury.

[*Id.* at 644, 625 *A.*2d 489.]

The court then opined, in the context of allowing the jurors to view the actual trial testimony on videotape, that caution should be exercised when allowing the replaying of videotaped testimony and that first a rereading of the written transcript should be offered. *Id.* The court stated that if it is determined that the request to review videotaped testimony is reasonable, the trial judge should exercise his discretion "to balance the need against any possible prejudice in each particular case." *Id.*

A number of other published opinions addressing the ability of a jury to request a review of videotaped testimony, usually deposition testimony, during deliberations are in accord. *See, e.g., United States v. Barker,* 988 *F.*2d 77 (9th Cir.1993); *Pfaff v. State of Oklahoma,* 830 *P.*2d 193 (Ct.Crim.App.Okl.1992); *Minnesota v. Kraushaar,* 470 *N.W.*2d 509 (S.Ct.Minn.1991); *State of Missouri v. Jennings,* 815 *S.W.*2d 434 (Miss.Ct.App.1991); *United States v. Sacco,* 869 *F.*2d 499 (9th Cir.1989); *United States v. Binder,* 769 *F.*2d 595 (9th Cir.1985). The common thread of the decisions is the ability of the court to monitor what is shown and balance the benefits of showing the video against any possible prejudice to the other party.

■ Using a similar analysis, this court finds that it is within the trial court's discretion to allow counsel to show portions of the videotaped trial testimony and make comment thereon during summation. Just as it is acceptable to read portions of the trial

testimony from a transcript to the jury during summation, similarly, there should be no prohibition against showing actual portions of the videotape testimony. Showing portions of videotape testimony is certainly at least as accurate, if not more accurate, than reading portions of the written transcript, as the replay of the actual testimony is complete with the intonations and emotions of the witness. Showing the videotape testimony is also more economical; a ten dollar fee entitles counsel to the tape of the entire day's testimony as opposed to a per page charge for a written transcript. Further, obtaining videotape testimony is more convenient than ordering a written transcript, since the videotape is available at the end of each court day for immediate review, with no need to wait hours or overnight for receipt of the written transcript.

■  The court recognizes, however, that there are a number of pitfalls which must be avoided when showing portions of the videotape. The portions of the videotape testimony shown during summation should not be so lengthy as to constitute a second trial emphasizing only one litigant's side of the case. The court must exercise its discretion to limit the amount actually played by counsel during summation. In this case, each segment of the videotape to be shown is no more than one or two minutes in length, and the total length is no more than ten minutes. It does not, therefore, unduly emphasize plaintiff's side of the case.

Further, the court must take precautions to guard against the edited portions of the videotape misstating the evidence. By editing portions of the trial testimony evidence could be presented out of context and could easily confuse the issues or mislead the jury. *N.J.R.E.* 403. In order to eliminate this problem, a hearing akin to a *N.J.R.E.* 104(a) hearing should be conducted. The court, out of the jury's presence, should therefore view the proposed portions of the videotape testimony in open court on the record to make sure that it accurately reflects the evidence. In the instant case, having reviewed the portions selected by counsel to be shown during closing, to assure that the testimony is not taken out of

context or otherwise misstates the evidence, it is concluded that the portions to be presented to the jury are a fair and accurate representation of the witness' testimony and counsel may make fair comment thereon.

For trial strategy purposes plaintiff's counsel did not wish to disclose which portions of the videotape he intended to show until after defense counsel closed. Thus, the hearing to determine the accuracy of the videotape segments could not be held until after defense counsel concluded his summation. Although in the case at bar the review of the videotape was not lengthy, this procedure could result in long delays between closing arguments which could impair the orderly and efficient administration of the jury process. *State v. Garfole,* 76 *N.J.* 445, 388 *A.*2d 587 (1978); *N.J.R.E.* 611(a)(2). The court should have discretion to deny or limit the application to show portions of the videotape testimony if the time necessary to review the testimony would unduly delay plaintiff's closing, and thereby prejudice defendant, as plaintiff's closing would be substantially fresher in the jury's mind at the time they deliberate.

The final issue for the court to consider is whether counsel may replay portions of defense counsel's opening statement. Plaintiff's counsel argues that if defendant failed during the course of the trial to prove promises made by defense counsel to the jury his opening, plaintiff's counsel should be entitled to show portions of the defense counsel's opening to refresh the jury's memory as to the unfulfilled promises. Although plaintiff's argument has some appeal, this court finds that it would be improper to allow portions of counsel's opening statement to be replayed for the jury. Counsel's opening is not evidence. Although in summation plaintiff's counsel may comment upon the failure of defense counsel to support through the proofs the promises he made during his opening, displaying the videotaped portions of defendant's opening statement would confuse the jury as to what is evidence and what is not. The standard charge the court gives the jury in every civil case is that arguments of counsel are simply that, argument, and

not evidence. By showing a videotape of defense counsel making opening remarks to the jury, the opening statement would have the force and effect of evidence. As noted previously, videotape testimony is unique. "Replaying videotaped testimony creates concerns not present when rereading written testimony. 'It enables the jury to observe the demeanor and to hear the testimony of the witness. It serves as the functional equivalent of a live witness.'" *United States v. Sacco, supra,* 869 *F.*2d at 501. To show the opening statement of counsel would be to imply to the jury that it was seeing a live witness. A jury may be inclined to base its decision on counsel's comments, rather than on the evidence itself. For these reasons, the court declines to allow portions of the videotape of defense counsel's opening to be shown to the jury.

As the court has had an opportunity to review the portions of the videotape plaintiff's attorney seeks to show the jury in his closing, and since it is concluded that the videotape as shown neither misstates the evidence nor unduly lengthens the delay between closings, the application to show portions of the videotape transcript and comment thereon is granted. The motion to allow counsel to replay portions of defense counsel's opening statement and comment thereon is denied.