**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1379-17T3

FARIDA AKRAM,

      Plaintiff-Appellant,

v.

HARSHADRAI H. JOSHI,

      Defendant-Respondent.

_____

Argued November 28, 2018 – Decided December 19, 2018

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2447-15.

John J. Scura III argued the cause for appellant (Scura, Wigfield, Heyer, Stevens, & Cammarota, LLP, attorneys; John J. Scura III, of counsel and on the briefs).

Kevin P. Harrington argued the cause for respondent (Harrington and Lombardi, LLP, attorneys; Kevin P. Harrington, on the brief).

PER CURIAM

Plaintiff Farida Akram appeals from an order denying her motion for a new trial. In that motion, plaintiff asserted counsel for defendant Harshadrai H. Joshi improperly read from plaintiff's deposition transcript during summation and argued facts not supported by the evidence. Plaintiff also contended the judge mistakenly excluded evidence of defendant's subsequent remedial measures. Because we agree defendant's counsel improperly read material not in evidence to the jury during summation, we reverse.

The undisputed facts concerning plaintiff's personal injury action are simple. Plaintiff slipped and fell on ice and snow on February 5, 2015. There had been a snowfall two days earlier. As a result of the fall, plaintiff suffered a bimalleolar fracture to her left ankle.

The dispute in this case centered on the location of plaintiff's fall. Plaintiff claimed she fell on an untreated sidewalk in front of 26 Cottage Street, owned by defendant. Defendant claimed plaintiff fell in the road adjacent to his property, not on the sidewalk.

No one saw plaintiff fall. After she fell, neighbors helped plaintiff to a chair placed on the sidewalk in front of defendant's property. While plaintiff waited for an ambulance to take her to the hospital, defendant cleared his sidewalk of snow and spread salt.

A-1379-17T3

Plaintiff filed suit and propounded discovery. Defendant failed to respond to plaintiff's discovery requests and never appeared for his deposition.

Prior to trial, plaintiff's counsel filed several in limine motions. Because defendant did not provide any discovery, plaintiff sought to bar defendant from testifying and exclude evidence he produced four days prior to trial. The judge granted plaintiff's motion and precluded defendant from introducing evidence and testifying at trial.

Plaintiff also moved to admit evidence of subsequent remedial measures based on defendant's clearing and salting of the sidewalk immediately after plaintiff's fall. Plaintiff sought to introduce such evidence to prove: (1) defendant controlled the property and (2) a defect existed "when she fell." In response to this motion, defendant's counsel stipulated defendant controlled the property. Based on this stipulation, the judge denied plaintiff's motion.

The trial took four days. Plaintiff testified about her fall, the resulting injuries, and the treatment for her fractured ankle. Plaintiff's son also testified. The son took pictures, allegedly of the sidewalk in front of defendant's property, and the photographs were admitted as evidence. In addition, plaintiff presented testimony from a meteorological expert and a medical expert in support of her personal injury action. Because the judge barred defendant from testifying or

A-1379-17T3

presenting evidence, defense counsel was limited to cross-examining plaintiff's witnesses.

The case turned on plaintiff's credibility, which defense counsel vigorously challenged during his cross-examination of plaintiff. Defense counsel focused his questions on the location of plaintiff's fall and inconsistencies in her testimony related to her fall. Through cross-examination, defendant offered a theory to the jury that plaintiff fell on asphalt, not on a concrete sidewalk.

During closing argument, defense counsel read portions of plaintiff's deposition testimony regarding a parking lot near where she fell. Plaintiff's counsel immediately objected to the deposition reading related to the parking lot and asked to address the judge at sidebar.

For reasons not explained as part of the record on appeal, the transcript of the sidebar colloquy between counsel and the judge reflected only fragments of the discussion. The transcript reads, "[d]iscussion at sidebar, not speaking into [microphone]." According to the transcript, plaintiff's counsel lodged the following objection:

> Judge, [defense counsel] (indiscernible). He knows it's
> next to (indiscernible) because he questioned her and
> he (indiscernible) pictures of it. He knows there[] [is]

A-1379-17T3

a parking lot there (indiscernible) officer of the court to
stand there and say there is no parking lot there –[1]

In response to plaintiff's objection, the judge agreed to tell the jury "there is [no parking lot] depicted in the photograph."  However, the judge failed to give the jury such instruction either immediately after the sidebar conference or as part of the instructions to the jury after the closing arguments.

The jury deliberated for approximately one hour and rendered a verdict in defendant's favor, finding no cause of action.

Plaintiff filed a motion for a new trial, arguing defense counsel's reading of a portion of plaintiff's deposition testimony not in evidence during closing argument was improper.  Plaintiff also contended the improper reading of deposition testimony precluded plaintiff from introducing to the jury other portions of her deposition testimony in support of her case.  Plaintiff argued the improper comments by defense counsel during closing argument misled the jury, resulting in an unfair trial.

---

[1] During appellate argument, plaintiff's counsel recalled specifically objecting to defense counsel's reading from a portion of plaintiff's deposition not in evidence.  When asked by the panel if such an objection was lodged by plaintiff's attorney, defense counsel was unable to recall the specific objection.

5

In the course of arguing the new trial motion, defense counsel stated, "we don't have the complete record so I'm not sure whether or not the [passage read to the jury] might have been part of the deposition that I impeached her with while she was – while I was cross-examining her. If it was then it was in the case."[2]

After considering the arguments of counsel, the judge denied the new trial motion. The judge recalled plaintiff's deposition being used at trial but could not recall the specific portion of plaintiff's deposition "to know exactly what transpired during the trial. . . . I just don't know because it would have been fair comment if it was something that was brought out during the trial. But I just don't remember . . . I guess I wasn't clear about that."

On appeal, plaintiff argues the judge erred in denying the new trial motion based on defense counsel's reading of a passage from plaintiff's deposition during summation that was not the same passage used during plaintiff's cross-examination. She contends defendant presented facts to the jury that were not supported by the evidence. Plaintiff also asserts the judge failed to give an appropriate curative instruction to the jury based on counsel's improper

---

[2] Plaintiff's deposition testimony read to the jury by defense counsel during closing argument was not the same passage he used during plaintiff's cross-examination.

A-1379-17T3

deposition reading. In addition, plaintiff argues the judge erred in precluding evidence of defendant's subsequent remedial measures after plaintiff's fall.

A new trial motion is governed by Rule 4:49-1. In accordance with the Rule, "[t]he trial judge shall grant the motion [for a new trial] if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law." R. 4:49-1(a). A trial court's ruling on a "motion for a new trial will not be disturbed unless it clearly appears that there was a miscarriage of justice under the law." Diakamopoulos v. Monmouth Med. Ctr., 312 N.J. Super. 20, 36 (App. Div. 1998) (citing Caldwell v. Haynes, 136 N.J. 422, 432 (1994)).

We review a trial court's decision on a motion for a new trial applying the same standard as the trial court for review of such motions, except we "afford 'due deference' to the trial court's 'feel of the case,' with regard to the assessment of intangibles, such as witness credibility." Jastram v. Kruse, 197 N.J. 216, 230 (2008) (quoting Feldman v. Lederle Labs., 97 N.J. 429, 463 (1984)). Beyond any "intangibles," we must independently determine whether there occurred a miscarriage of justice. Carrino v. Novotny, 78 N.J. 355, 360-61 (1979).

Counsel's "[s]ummation commentary . . . must be based in truth, and counsel may not 'misstate the evidence nor distort the factual picture.'" Bender v. Adelson, 187 N.J. 411, 431 (2006) (quoting Colucci v. Oppenheim, 326 N.J. Super. 166, 177 (App. Div. 1999)). "When summation commentary transgresses the boundaries of the broad latitude otherwise afforded to counsel, a trial court must grant a party's motion for a new trial if the comments are so prejudicial that 'it clearly and convincingly appears that there was a miscarriage of justice under the law.'" Bender, 187 N.J. at 431 (quoting R. 4:49-1(a)). "Counsel is to be given 'broad latitude' in summation but 'comment must be restrained within the facts shown or reasonably suggested by the evidence adduced.'" Diakamopoulos, 312 N.J. Super. at 32 (quoting Condella v. Cumberland Farms, Inc., 298 N.J. Super. 531, 534 (App. Div. 1998)). "Allowing the deposition testimony to be presented to the jury without having afforded [plaintiff's] counsel an opportunity to address it during the trial [is] prejudicial." Diakamopoulos, 312 N.J. Super. at 32-33.

We are satisfied defense counsel's summation exceeded the acceptable bounds of argument, resulting in both prejudice to plaintiff and a miscarriage of justice under the law. The deposition testimony read by defense counsel to the jury regarding the number of steps plaintiff took from a parking lot was never a

part of the trial evidence. Plaintiff correctly noted the trial testimony addressed how plaintiff fell, whether she fell on an asphalt surface or a concrete surface, and whether there was any photographic evidence to support the location of her fall.

Defense counsel conceded during argument on the new trial motion that he would have had to use that portion of plaintiff's deposition for impeachment purposes during cross-examination for the evidence to be considered in the case. The judge should have given a curative instruction, informing the jury to disregard the deposition testimony read by defense counsel during summation because it was not evidence in the case.

As this case turned on plaintiff's credibility regarding the location where she fell, we cannot agree defense counsel's reading of new evidence to the jury during closing argument constituted harmless error. See R. 2:10-2. Improper evidence introduced by defense counsel during closing argument was clearly capable of producing an unjust result and warrants a new trial.

We briefly address plaintiff's argument that the exclusion of evidence of defendant's subsequent remedial measures warrants a new trial. We affirm the judge's denial of plaintiff's motion to include such evidence. Defendant conceded control of the property and plaintiff failed to pursue her argument that

evidence of subsequent remedial measures was admissible to prove a dangerous condition existed at the time of her fall.

Reversed and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION