**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4434-18T4

LARRY PRICE,

     Plaintiff-Respondent,

v.

MARTIN MARTINETTI,
Construction Code Official
City of Union City,

     Defendant-Respondent,

and

806 PALISADES REALTY, LLC,

     Defendant-Appellant.

_____

Argued telephonically August 25, 2020 –
Decided September 11, 2020

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-4271-18.

J. Alvaro Alonso argued the cause for appellant.

Larry Price, respondent, argued the cause pro se.

Scarinci & Hollenbeck, LLC, attorneys for respondent Martin Martinetti (Angelo Auteri, on the brief).

PER CURIAM

Defendant 806 Palisades Realty, LLC (806 Palisades) appeals from the May 3, 2019 Law Division order, invalidating its July 19, 2018 construction permit because it failed to renew the underlying site plan approved back in 2004. We affirm.

We glean these facts from the record. Plaintiff Larry Price is "a resident and taxpayer" of Union City.[1] On October 22, 2018, plaintiff filed an order to show cause (OTSC) and verified complaint against 806 Palisades and Martin Martinetti in his official capacity as a construction code official in the Union City Building Department (Building Department). The complaint and OTSC stemmed from the Union City Zoning Board of Adjustment's adoption of a resolution on April 8, 2004 (the 2004 resolution), granting a site plan approval to Lam Investments, 806 Palisades's predecessor, to construct a four-story,

_____

[1] "[A]s a citizen and taxpayer," Price had standing to challenge the contemplated construction because of its "potential impact on the integrity of the zoning plan and the community welfare." Booth v. Bd. of Adjustment, 50 N.J. 302, 305 (1967).

A-4434-18T4

eleven-unit multifamily dwelling at 806 Palisade Avenue in Union City (the site) as "a conditional use" under the 1974 Union City Zoning Ordinance.[2]

Between 2004 and 2009, construction work was performed at the site, including "demolition of an existing three[-]family house and . . . construction of foundation walls."  However, no construction activities occurred after 2009. Nearly a decade after construction had ceased, on January 3, 2018, 806 Palisades applied for a new construction permit for the site.  On July 19, 2018, Martinetti, on behalf of the Building Department, issued a construction permit to 806 Palisades (2018 construction permit) based on the site plan approved in the 2004 resolution.

On October 1, 2018, Price, whose home was located "two blocks" from the site, "noticed that the fence at the front of the site had been opened," and, by October 8, 2018, 806 Palisades had posted the 2018 construction permit at the site.  In his complaint, relying on N.J.A.C. 5:23-2.16(b), which invalidates a permit "if the authorized work is suspended or abandoned" for six months after commencement of the work, Price alleged that because "all construction was

---

[2]  The 2004 resolution specified that the site was "located in a R, Mixed Residential Zone," where "limited multifamily development [was] a permitted conditional use" pursuant to the 1974 ordinance.

suspended for a period . . . in excess of six months, . . . the original [2004 approvals were] invalid and [could] not serve as a basis of construction in 2018."

Price further alleged that "the proposed structure for [the site was] now a prohibited use" under a March 23, 2012 Union City Ordinance, which no longer approved as a permissible conditional use the type of multifamily dwellings previously approved under the 1974 ordinance. According to Price, because "the approvals contained in the [2004] resolution [were] now invalid," and "[a]ll periods of statutory protection [had] expired," he demanded the Building Department issue and enforce a "Stop Work Order" (SWO) upon 806 Palisades, and sought a declaration that the 2004 resolution granting site plan approval was "null and void."

Two days after Price filed the complaint and OTSC, on October 24, 2018, the Building Department issued a SWO to 806 Palisades, advising that the site plan required new approval from the Zoning Board. On November 13, 2018, 806 Palisades appealed the SWO's issuance to the Hudson County Construction Board of Appeals.

On February 15, 2019, following a hearing on the OTSC at which only Price, appearing pro se, and counsel for Martinetti appeared, the trial judge determined that because there was already a SWO in effect, Price's application

for "emergent relief" failed to meet the standard enunciated in <u>Crowe v. De Gioia</u>, 90 N.J. 126 (1982). The judge then set a briefing schedule for the parties to address the remaining issues in Price's complaint.

On April 17, 2019, the judge conducted oral argument on the remaining issues. Once again, only Price and Martinetti's counsel appeared, despite 806 Palisades being notified of the proceedings and "ha[ving] a major interest in th[e] case." Following oral argument, in a May 3, 2019 written decision, first, the judge found the "[SWO] issue to be moot" because "[t]o date," the judge had "not been informed that the SWO ha[d] been revoked" and thus "presum[ed] that the SWO [was] still in effect."[3]

Turning to Price's demand that the 2004 resolution be voided, the judge determined that the request was "time barred" because pursuant to <u>Rule</u> 4:69-6(a), actions in lieu of prerogative writs challenging a zoning board's resolution approving an application must be brought within "[forty-five] days after the accrual of the right to the review, hearing or relief claimed."[4] The judge pointed

---

[3] On May 31, 2019, shortly after the judge issued her decision in this matter, the SWO and 806 Palisades's pending appeal before the Construction Board of Appeals were withdrawn.

[4] <u>See</u> <u>Brunetti v. New Milford</u>, 68 N.J. 576, 584-85 (1975) (finding that <u>Rule</u> 4:69-6(a) "requires actions in lieu of prerogative writs to be commenced no later

out that Price's 2018 complaint and OTSC were filed fourteen years after the

challenged 2004 resolution.

However, the judge determined that the "2018 construction permit [was]

invalid because the 2004 site plan had lapsed." The judge

> agree[d] with plaintiff that on [April 8, 2004], 806
> Palisades received final site plan approval, which [was]
> good for two years. If in 2006, defendant had applied
> for a one[-]year extension, that would have been
> enough to carry [it] into the extension period which
> would have extended the approval until [December 31,
> 2016].[5] If they did not apply for the one[-]year
> extension, the site plan approval died in 2006. Notably,
> defendant did not contest any of plaintiff's
> arguments . . . .

---

than [forty-five] days after the accrual of the right to the review or relief claimed."); Adams v. Delmonte, 309 N.J. Super. 572, 578 (App. Div. 1998) (noting that "[a]n action to review a zoning board decision must be commenced not later than forty-five days from the publication of a notice of the board's determination." (citing R. 4:69-6(b)(3))).

5 Under the applicable Permit Extension Act (PEA), N.J.S.A. 40:55D-136.1 to -136.6, "the Legislature . . . 'automatically suspend[ed]' government 'approval[s]' related to the physical 'development' of property from running out during the 'extension period.'" Pinelands Pres. All. v. State, Dep't of Envtl. Prot., 436 N.J. Super. 510, 543 (App. Div. 2014) (alterations in original) (quoting N.J.S.A. 40:55D-136.3 and -136.4(a)). The extension period is defined as "beginning January 1, 2007 and continuing through December 31, 2015; provided, however, that the period in Superstorm Sandy-impacted counties shall continue through December 31, 2016." N.J.S.A. 40:55D-136.3.

6

The judge concluded that because "the decision to issue the permit was arbitrary, capricious and unreasonable," 806 Palisades "must seek a new site plan approval and construction site permit." See Bryant v. City of Atl. City, 309 N.J. Super. 596, 610 (App. Div. 1998) ("Municipal action will be overturned by a court if it is arbitrary, capricious or unreasonable."). The judge entered a memorializing order and this appeal followed.

On appeal, 806 Palisades argues that the judge "erred in finding that the 2004 approvals had expired prior to the issuance of the 2018 construction permit[]" because "the dates stated on plan review logs issued by the [B]uilding [D]epartment" and "[a]pplications for [v]ariations prepared in connection with the permit application ranging from 2015 through 2017" demonstrate "that the construction permit application was timely filed." To support its argument, 806 Palisades presents for the first time on appeal evidence that was not presented to the judge because 806 Palisades failed to appear or participate in the trial court proceedings. 806 Palisades offers no explanation for its failure to participate, and makes no claim that it was not properly served or duly notified of the proceedings.

We are mindful of the "well-settled principle that [we] will decline to consider questions or issues not properly presented to the trial court when an

opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Stated differently, subject to the two exceptions, any issue raised that was not presented to the trial court likewise falls outside the scope of our appellate jurisdiction and is not reviewable as a matter of law.

Likewise, because the record on appeal should consist only of filings submitted to the trial court, our review is restricted to evidence presented to the trial court. See R. 2:5-4(a) (stating "[t]he record on appeal shall consist of all papers on file in the court . . . below," inferring that it is improper to present evidence on appeal that was not before the trial court). "[I]f not part of the record below, we cannot consider these matters." Venner v. Allstate, 306 N.J. Super. 106, 111 (App. Div. 1997). See State v. Bogen, 13 N.J. 137, 144 (1953) ("We are bound in our consideration of an appeal to what appears of record[.]"); Middle Dep't Inspection Agency v. Home Ins. Co., 154 N.J. Super. 49, 56 (App. Div. 1977) (noting that appellant counsel's submission of "an affidavit and other documentary material which was not before the trial court and is improperly before us" is "a gross violation of appellate practice and rules[.]").

A-4434-18T4

Here, 806 Palisades does not dispute that the evidence was not presented to the judge, and the issues are thus raised for the first time on appeal. We are satisfied the issues raised are neither jurisdictional in nature nor substantially implicate the public interest. Moreover, the record reveals that 806 Palisades was provided the requisite notice, obtained counsel, and was afforded ample opportunity to present the evidence and issues to the trial court it now seeks to present for the first time on appeal. "Our scope of review, however, is limited to whether the trial court's decision is supported by the record as it existed at the time of [the hearing]." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007). As a result, we will not address 806 Palisades's appellate arguments, and affirm substantially for the reasons expressed in the judge's cogent written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4434-18T4